AUGUSTUS FORE v. F. W. CHANDLER.

If a party, by his acts, induce an attorney reasonably to suppose that his ser-
vices are desired, and avail himself of them, without objection, the law im-
plies a promise on his part to pay the attorney, what such services are rea-
sonably worth.

ERROR from Travis. Tried below before the Hon. Thomas
H. Duval.

This was a suit by F. W. Chandler against Augustus Fore,
for $500, alleged to be due for services rendered the defendant
as an attorney, in defending him before the magistrate, and in
the District Court, on a charge of murder.

The petition alleged that the plaintiff rendered the necessary
service in behalf of the defendant, and at his special instance
and request; and that the defendant thereby became liable to
pay him the value of the services.

The defendant answered by a general denial; and specially
denied that he had ever employed the defendant, and averred
that during the progress, and after the trial of the case, he had,
in the presence of the plaintiff and other persons, repudiated the
plaintiff's interference in the case; and that he had employed
one A. J. Hamilton as his attorney, and no other person.

The circumstances under which Chandler engaged in the busi-
ness of the defendant were as follows: John J. Grumbles, Henry
Vines, and Perry Grumbles, were arrested for the murder of a
Mexican, and brought before a justice of the peace for commit-
ment, and Grumbles employed A. J. Hamilton as an attorney to
defend them. During the progress of the trial, Fore, and one
Clement, were arrested on the same charge; and the trial, as to
all, proceeded as if under the same writ and arrest. Before
the trial began, at the suggestion of Hamilton, as to the im-
portance of having counsel to assist in the defence of the case,
Grumbles authorized him to engage the services of F. W.
Chandler, who proceeded to engage actively in the conduct

thereof, in connexion with Hamilton. Chandler acted as the counsel of all the parties defendant, and all of them consulted and advised with him, as well as with Hamilton, in relation to the case. The plaintiff was very active in hunting up testimony. There was much excitement, and it required much effort on the part of the defendants' counsel to allay it.

The defendant, during the examination of a certain witness, was apparently giving instructions to Chandler, as to the questions to be propounded. Several attorneys, who were present, testified to the fact of Chandler's energetic defence in behalf of all the defendants, and that his services were of equal value with those of Hamilton.

The defendant proved by Grumbles, that he told the witness repeatedly, during the examination, that he would not have Chandler to appear for him; that he was dissatisfied with his having anything to do with the case; and requested him to tell Chandler that he did not want him to have anything to do with his case. The witness did not communicate that fact to Chandler, though he informed Fore that he had done so. The defendants were separated in the defence, before the justice of the peace, in consequence of some of them endeavoring (as stated by one of the witnesses) to prove an *alibi*. The plaintiff defended all the defendants, in connexion with Hamilton, without distinction.

The court, among other things, charged the jury, that if the defendant availed himself of the services of Chandler, and received the benefits thereof without objection, they must find for the plaintiff; and that any objection made to Grumbles could not relieve Fore from his responsibility, unless the objection were made known to Chandler before the services were rendered.

The court refused to give an instruction asked by the defendant, that, in order to imply a promise to pay the plaintiff, a *request* to render the services must have been made, either by the defendant, or by some other person authorized by him to engage the plaintiff as attorney for him in the said defence. But the court charged the jury, " that if the services rendered by the plaintiff, were with a view to the benefit of the defendant,

Fore, as well as for the benefit of Grumbles and others, and he had reason, from the facts and circumstances existing at the time, to suppose himself to be representing the defendant, and the defendant gave a tacit acquiescence in the rendition of such services by Chandler, and availed himself knowingly of their benefits, then he was liable to pay a reasonable compensation therefor."

There was a verdict and judgment for the plaintiff for $150. The defendant assigned for error the instructions of the court to the jury; and the refusal to give the instruction asked for by his counsel.

*Hancock & West*, for the plaintiff in error.

*E. B. Turner*, for the defendant in error.

WHEELER, C. J.—The jury were well warranted, by the evidence, in finding for the plaintiff, upon an implied promise to pay for his services what they were reasonably worth. There is evidence that the defendant consulted and advised with the plaintiff, Chandler, as his attorney, during the progress of the trial. The latter was thus led to suppose his services were desired by the defendant, and he was not apprised of the contrary. The defendant accepted the services which he rendered; and the law implies a promise, on the part of the defendant, to pay for them. Considered in reference to the evidence, and as a whole, there is no error in the charge and rulings of the court upon instructions, or in the judgment, and it is affirmed.

Judgment affirmed.