## MATTHEW D. ECTOR v. JAMES M. WIGGINS.

Where the son of the defendant had been killed, and the father retained counsel to aid in the prosecution, he is liable for the value of the services. (Paschal's Dig., Art. 272, Note 271.)

Where the verdict was against the evidence, a new trial should have been granted.   (Paschal's Dig., Art. 1470, Note 566.)

Where a witness has been examined on interrogatories, and his answer is not responsive, but altogether hypothetical, such answer should be excluded; but this does not exclude the whole evidence of the witness.   (Paschal's Dig., Art. 3728.)

The opposite party may file cross-interrogatories at any time before a commission is sued out, but not afterwards. (Paschal's Dig., Art. 3726, Note 845.)

ERROR from Cherokee.   The case was tried before Hon. REUBEN A. REEVES, one of the district judges.

The suit was for a fee for aiding to prosecute Archibald Murphy, and William Oliver for being an accomplice, in the murder of William R. Wiggins.   There were many counts and amendments in the petition, but they were narrowed down to a demand for a fee of $150.   The services were rendered, and the only question was, as to the retainer by and liability of the defendant.   The facts on which the case turned are stated in the opinion of the court.   The slain man was the son of the defendant.

The verdict was for the defendant, upon which there was judgment; from which the plaintiff prosecuted error.

*Donley & Anderson,* for plaintiff in error.

*C. E. & F. E. Williams,* for defendant in error.

WILLIE, J.—In the view which we take of this case, it is unnecessary to revise the rulings of the court below in sustaining exceptions to plaintiff's pleadings.   We are of opinion that the judgment must be reversed, because of the refusal of the court to grant a new trial to the plaintiff.

It was proved very satisfactorily by Judge Ochiltree, who was one of the counsel employed by defendant to assist in the prosecution of Oliver and Murphy, represented to said defendant, after the venue of the case was changed to Rusk county, that it was necessary for him to employ local counsel, to assist those already retained on the part of the prosecution; that the defendant concurred with him in this opinion, and asked whom he should employ; that the counsel suggested the name of the plaintiff; defendant said he thought it would be all right, but that he would see Mr. Taylor on the subject; that subsequently the same counsel told defendant, in the presence of plaintiff, that he had spoken to the latter on the subject of their former conversation, and understood defendant to say that it would all be right. It was further proved, that plaintiff rendered valuable services to the State in prosecuting the indictment against Oliver and Murphy; that defendant was present during the trial, and knew that these services were being rendered, and there is no proof of any objection on his part, but rather of an acquiescence in the performance of the services. The only evidence introduced on the part of the defendant to rebut this proof was, that he had had no conversation with Mr. Taylor in reference to the employment of plaintiff subsequent to his first interview with Judge Ochiltree, and that plaintiff remarked to Taylor, during the progress of the trial, that he did not wish it to be understood or go out that he had volunteered in these cases.

The case made out by the plaintiff's testimony was amply sufficient to show an employment of him by defendant, and an implied promise to pay for his services what they were reasonably worth. This court held, in the case of Fore v. Chandler, 24 Tex., 146, that where a party, by his acts, induces an attorney to suppose that his services are desired, and avails himself of them, without objection, the law implies a promise on his part to pay the attorney what

they are reasonably worth.   The facts of the present case are much stronger than in the one above cited, for there is direct evidence here of a previous employment, as well as of an acceptance of the attorney's services in the case.

The evidence produced by the defendant was not necessarily inconsistent with the case made out by the plaintiff. The defendant may have concluded, in this matter, to act upon his own judgment, without consulting with Mr. Taylor.   If the expression used by him was, that he did not wish it to "be understood" that he had volunteered, the more reasonable construction is, that he did not wish the witness to understand or conclude that he was performing the labor without expecting compensation for it.   This is undoubtedly the more correct interpretation of such language, when used towards the agent and adviser whom defendant usually consulted about these prosecutions.   Its object, no doubt, was to give the witness distinctly to understand that he was acting under employment by Wiggins, and should expect to receive pay from him.   If the expression used was, that he did not wish it "to get out that he had volunteered," the language might well be construed to mean that he did not wish a false impression to obtain in the community as to the position he occupied in the case, that he was a mere volunteer, when he had been actually employed in the prosecution.   Whatever construction we may place upon this remark of the plaintiff, it was but a very slight circumstance to place in the balance against the almost conclusive proof on the part of the plaintiff that he had been employed for a reasonable consideration to assist in the case.   The verdict was not only against the preponderance of evidence, but without testimony to support it, and in such cases this court will set it aside.   (Green v. Hill, 4 Tex., 465; Long v. Steiger, 8 Tex., 462.)

As the case will be remanded for a new hearing, it may be as well to notice some of the rulings of the court com-

plained of by defendant in his bill of exceptions. In the twelfth direct interrogatory to witness, Ochiltree, he is asked as to the reasonable worth of plaintiff's services in prosecuting Oliver and Murphy, and he answers, by saying, in substance, that if Mr. Walker (another counsel employed by defendant) was to receive $250 for prosecuting these two parties and another who was jointly indicted with them, then $150 would be a fair proportionate charge for plaintiff's services in prosecuting Oliver and Murphy alone. And this, because he considered Walker's services, in prosecuting the third party, who had been previously tried and convicted, to be worth $100. This answer was not directly responsive to the interrogatory. It does not state what Ector's services were reasonably worth, but what he ought to receive in case another attorney received a certain amount; and it may have been that the defendant, for some special reason, contracted to pay Walker a great deal more or a great deal less than the actual value of his labor. The answer should have been stricken out upon the above objection being made; but we do not think that the whole deposition should have been excluded for this reason. The witness in his answer merely intends to give the standard and process of calculation by which he arrived at the amount of fee which plaintiff should receive under the circumstances. He exhibits no disposition to evade or avoid the question, much less any contumacy by refusing to answer it. We think the answers to the other interrogatories and cross-interrogatories complained of sufficiently explicit. We do not think that the court erred in excluding the answers of the witness to the cross-interrogatories propounded to him, after a commission had issued upon the original interrogatories and cross-interrogatories propounded by the parties, and his deposition had been returned in obedience thereto. At any time before the commission issues cross-interrogatories may be filed; but, should either party after that time desire to obtain additional testimony

from a witness already examined, the proper practice is to propound direct interrogatories, and give notice to the opposite party, as in other cases.

The conversation between Taylor and Ochiltree, which occurred a week before the trial, was properly ruled out. It does not appear by the bill of exceptions that the latter had any authority at that time to act as agent for Ector, and this was of itself sufficient to exclude such conversation.

The other grounds of objection to the ruling of the court, taken in the bill of exceptions, are not such as to require our attention.

Because of the error of the court in refusing to grant the new trial asked by plaintiff the judgment is reversed, and the cause

REMANDED.

[DONLEY, J., having been of counsel, did not sit in this case.]