Our conclusion is that, to attain the ends of justice, the judgment ought to be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion adopted October 25, 1884.]

---

J. W. HENDERSON ET AL. v. M. TERRY ET AL.

(Case No. 1686.)

1. JUDGMENT — PARTIES.— In a suit to enforce a lien on land to secure the payment of a note, C. was sued as principal, B. as surety, and H. as indorser. Judgment by default was taken against B. and H., and a decree entered, first subjecting the land to its payment. C. answered, and his attorney obtained leave to make C.'s wife a party, and filed a separate defense for her, claiming that land as separate property, and that it was a homestead. Her answer was stricken out. Afterwards C. and wife brought suit against the plaintiff, who recovered judgment in the former proceeding, to enjoin and vacate the decree which ordered a sale of the land, not making B. and H. parties thereto, and obtained judgment vacating so much of the former

judgment as ordered a sale of the land. In a proceeding by B. and H. to enjoin the plaintiff in the first action from enforcing execution against them as original surety and indorser, *held:*

(1) B. and H. were not affected by the judgment in the second suit, to which they were not made parties.

(2) If, in the second suit, the original plaintiff and C. and wife consented to the entering of a decree whereby the first judgment was vacated, so far as it foreclosed the lien on the land, and B. and H., not being parties, did not consent thereto, then they were relieved from liability under the first judgment, to the extent of the value of the land.

(3) If, as a fact, C.'s wife was a party defendant in the first suit, she was concluded by the decree therein to the extent of all matters that might have been litigated in that suit.

2. SEPARATE ACKNOWLEDGMENT.— The fact that the officer taking the acknowledgment of a married woman to a deed misrepresents or fails properly to explain its contents to her, cannot affect the grantee in the deed, he being ignorant of the omission of duty or the fraud.

3. PRIVILEGED COMMUNICATION.— In order for a communication to an attorney to be privileged, so that it cannot be used in evidence, it must be made for the purpose of obtaining professional advice or aid in respect to the particular matter to which it refers. Hence a communication made to an attorney by one party, with the intent and for the purpose of having it made known to the adverse party, is not a privileged communication.

APPEAL from Milam. Tried below before the Hon. W. E. Collard.

September 7, 1883, appellants brought this suit to perpetually enjoin appellee Terry from enforcing against them an execution by virtue of a judgment rendered against one Cullins and appellants in favor of M. Terry, wherein a vendor's lien was foreclosed, in cause No. 1559, claiming that the records in that case showed that Cullins was sued as principal, Beal as surety and Henderson as indorser of the note. And that after suit brought, Mrs. Cullins made herself a party defendant and asserted certain defenses, etc., but that her answer was stricken out, etc.

Subsequently Cullins and wife instituted against Terry suit No. 1572, by which they sought to enjoin and vacate so much of the decree in No. 1559 as foreclosed the lien upon the one hundred and fifty acres of land, for the same causes asserted by them in 1559. In this suit appellants claimed that Terry confederated with Cullins and wife in cause 1572 and consented to a decree vacating the former decree to the extent of the foreclosure of the lien; that this was done against the protest of appellants, and although Terry had a good defense thereto; that the land upon which the lien was foreclosed was of value more than sufficient to pay the judgment, and that by reason of the action of Terry in consenting to the release of that land they were discharged from further liability.

Terry's defense was that the deed from Cullins and wife to Hen-

derson, made in 1883, was intended to be a mortgage; that the land was the separate property and homestead of Mrs. Cullins, and that she was not a party to that suit, for that Breeding, who pretended to represent her therein, was not authorized to do so, etc.; that the note did not constitute a lien upon the land, and that he had no defense to make to cause No. 1572, etc.

Upon the trial verdict was returned and judgment entered for Terry.

The points raised by the assignment of errors and considered are sufficiently shown in the opinion.

*Henderson & Henderson*, for appellants.

*Wm. H. Hamman* and *F. M. Adams*, for appellee.

WATTS, J. COM. APP.— Upon the trial below the court instructed the jury that Mrs. Cullins was not in any way concluded or affected in either her separate property or homestead rights by reason of the foreclosure decree rendered in cause No. 1559, as she was not a party to that suit.

In reference to that case the record shows that the suit was brought by Terry against Cullins as principal, Beal as surety, and Henderson as indorser on the note. That Breeding, who was employed by Cullins to represent himself and Mrs. Cullins in the suit, applied to the court and obtained leave for Mrs. Cullins to make herself a party defendant. And thereupon he filed an answer for both Cullins and Mrs. Cullins, asserting, 1st. That their deed to J. W. Henderson, made in 1873, although absolute upon its face, was in fact intended by the parties to be a mortgage. 2d. That the land was the separate property of Mrs. Cullins. 3d. That it was their homestead at and for a long time prior to the execution of that instrument. That answer was afterwards, upon motion of the plaintiff Terry, stricken out, and judgment rendered as stated. Upon the trial of this cause, Mrs. Cullins testified that she did not employ Breeding to represent her in that case, but that she was in court and knew that he was representing her and made no objection. She also stated that her husband was not her general agent for all purposes; that if he represented her as agent successfully, that was all right, but otherwise she repudiated his action.

In Fore *v.* Chandler, 24 Tex., 146, it was in effect held that where a litigant, by his acts, induces an attorney to believe that his services are desired, and avails himself of such services without interposing any objection, the law will imply a promise on his part to pay the

---

---

attorney a reasonable compensation for the services rendered.    See, also, Ector v. Wiggins, 30 Tex., 56.

And in Cayce v. Powell, 20 Tex., 768, it was held that the authority conferred upon a married woman to appear and litigate in her own right implies the capacity, on her part, to conduct the litigation as shall be most advantageous to her.

While in Baxter v. Dear, 24 Tex., 22, the court in effect said that while married women have the privilege of other litigants, that the same rules will be applied to them that are applied to others litigating their rights in the courts.

In the case under consideration, Beal as surety, and Henderson as indorser, were directly interested in the foreclosure of the vendor's lien upon the land.    The petition in that case shows that Beal was sued as surety and Henderson as indorser upon the note, and judgment was taken against them by default.    According to the terms of the decree, the land was first to be made subject, and, if that was not sufficient, then for the balance Terry was authorized to subject their property.    They were not made parties to the suit of Cullins and wife v. Terry, and would not be affected in their rights by the decree rendered therein.    If, therefore, Mrs. Cullins was concluded by the decree in No. 1559, and Terry consented in No. 1572 that the former decree should be vacated so far as it foreclosed the lien on the land, and Beal and Henderson did not consent thereto, then they would have been as effectually released thereby, to the extent of the value of the land, as if Terry had, without suit and against their wishes, released to Cullins and wife the land from foreclosure for a consideration.

Then as to whether Mrs. Cullins was or not a party to suit No. 1559, and properly represented therein, that is, by an authorized attorney, was a question of fact which should have been submitted to the jury upon the evidence under appropriate instructions.    For if as a fact she was a party defendant to that suit, she would be concluded by the decree, for the matters asserted by her in cause No. 1572 might have been litigated in cause No. 1559.    Nichols v. Dibrell, 61 Tex., 541.

Our opinion is that the court erred in the charge complained about.

Mrs. Cullins, as a witness for herself, testified, over the objection of appellants, that the officer who took her acknowledgment to the deed to Henderson told her at the time that it was a deed of trust; that he did not read over the deed and explain it to her.

There was no pretense that Henderson knew anything of the statements of the officer to Mrs. Cullins, or that he was aware of

any omissions of duty upon the part of the officer in taking the acknowledgment. Under the case as presented, it is very clear that the evidence ought not to have been admitted.

Appellants also insist that the court erred in excluding the evidence of T. S. Henderson as to certain propositions made to Terry by J. W. Henderson about cause No. 1572, through T. S. Henderson, and the reply of Terry, also made through T. S. Henderson. That evidence was excluded on the ground that T. S. Henderson was the then attorney of Terry and representing him in said cause, and therefore the communication was privileged, and not admissible.

It will be observed that the reply of Terry was not made to his attorney, Henderson, for the purpose of obtaining professional advice or aid in respect to the particular matter. And that is essential to constitute it a privileged communication. Flack v. Neill, 26 Tex., 276.

That was a proposition with respect to the pending suit, made to Terry through his attorney, and the reply was returned in the same way. Obviously, Terry intended that his attorney should make known to J. W. Henderson his reply to the proposition. Hence, it will be seen that it was not a communication made to the attorney for the purpose of securing from him professional aid or advice, but was made by Terry with the intention that it should be communicated to the other party.

Clearly, the court erred in excluding the evidence.

It is not believed to be necessary to consider the remaining assignments of error.

Our conclusion is that the judgment ought to be reversed and the cause remanded.

REVERSED AND REMANDED.