LOW, HUDSON & GRAY WATER COMPANY v. WILLIAM HICKSON.

Decided May 14, 1903.

**1.—Continuance—Error in Refusing.**

It was error to deny a continuance to the defendants where the uncontroverted affidavit of one of them showed that he intended to be present at the trial, but was prevented by sickness, and the materiality of his testimony was made to appear.

**2.—Same—Diligence—Deposition.**

Where one defendant did not reside in the county of the trial, and was temporarily out of the State on a business trip when he was taken sick, and thereby prevented from attending the trial, such facts did not require that his deposition should have been taken, and a failure to take it did not constitute lack of diligence. Merchant v. Bowyer, 3 Texas Civ. App., 367, distinguished.

Appeal from the District Court of Colorado. Tried below before Hon. M. Kennon.

*Foard, Thompson & Townsend,* for appellant.

*Carothers & Brown,* for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—Appellee brought this suit against Low, Hudson & Gray Water Company, a partnership composed of W. H. Low, B. F. Hudson and George Gray, to recover damages for an alleged breach of warranty in an oral contract made by appellants with the appellee whereby they undertook to bore a well upon appellee's farm and to provide and place therein a screen or strainer so constructed and placed in said well as to render same capable of furnishing sufficient water to irrigate 200 acres of rice. The petition sets out the contract and alleges that the defendants completed and delivered said well, but owing to the defective construction of said screen and the negligent manner in which same was placed in the bottom of the well, a sufficient supply of water was not furnished, and said well

was rendered worthless. The damages claimed by plaintiff were $315, cost of preparing 63 acres of land for planting, the same not having been planted by reason of the failure of said water supply, the rental value of said 63 acres, which was alleged to be the sum of $5 per acre, and the loss of a crop of rice on 137 acres of land, caused by the failure of said screen to furnish sufficient water. The probable yield of said rice crop, had the same been properly watered, is alleged to be twenty barrels per acre, valued at $3.50 per barrel, the aggregate value of said crop, less the cost of maturing, harvesting and marketing same, being $8225. Plaintiff further sought to recover the sum of $742.50, the same being the amount of the unpaid balance of the consideration agreed to be paid by plaintiff for said well and strainer, and for which plaintiff had executed his notes in favor of defendants.

The defendants answered by general and special demurrers and general denial, and specially denied that they gave a guaranty or warranty that the well or strainer would furnish any quantity of water.

The cause was tried by a jury in the court below and resulted in a verdict and judgment in favor of plaintiff for $600, and for the cancellation of the notes executed by plaintiff as part of the consideration for the contract undertakings of the defendants.

From this statement of the case it is apparent that the liability of the appellants depends upon whether the contract made by them with the appellee contained a guaranty that the screen or strainer to be put in the well by appellants would furnish a sufficient supply of water to irrigate 200 acres of rice. Upon this issue the evidence was conflicting. Appellee testified that the defendant B. F. Hudson, with whom the first negotiations in regard to the subject matter of the contract were had, agreed that if appellee entered into said contract the water company would guarantee that the strainer furnished by them would supply a sufficient quantity of water to irrigate appellee's rice crop. Appellee does not testify that he informed the appellant Low, with whom he closed the contract, that Hudson had agreed to guarantee the strainer. Low testified that he expressly told appellee at the time he made the contract that the water company would guarantee nothing. Appellee testified by deposition, and it is not shown that he was present at the trial. The testimony of Low as to his statements to appellee at the time the contract was made was not controverted by any direct evidence in the case. The only evidence tending to contradict Low's statement was the testimony of several witnesses to the effect that the water company had generally guaranteed the strainers sold by them in that community. Under this state of the evidence it was most material to appellants' defense to contradict appellee's testimony as to the agreement made by Hudson to guarantee the strainer.

The defendant Hudson was prevented from attending the trial by sickness. The fact of Hudson's sickness and his inability to be present at the trial on that account, and also the materialty of his testimony, was

shown to the trial court in an application for a continuance filed by the defendants when the case was called for trial, and by the affidavit of said Hudson and the certificate of his attending physician, filed with defendants' motion for a new trial. No controverting affidavits were filed either to the motion for a continuance or the motion for a new trial.

The motion for a continuance should have been granted, and the error of the trial court in refusing same requires a reversal of the judgment. The fact that the defendant Hudson did not reside in the county in which the case was tried, nor the further fact that he was temporarily out of the State on a business trip when he was taken sick and thereby prevented from carrying out his intention of attending the trial, did not require the defendants to have taken his depositions, and the failure to have said depositions did not show negligence or a lack of diligence on their part. This holding is not in conflict with the decision in the case of Merchant v. Bowyer, 3 Texas Civ. App., 367, 22 S. W. Rep., 763. In that case it was not shown that the defendant, who had left the county, had any intention of returning and being present at the trial, and it was held that his codefendants who made the application for a continuance should have procured his deposition. The uncontroverted affidavit of the defendant Hudson shows that he desired and intended to be present at the trial and was prevented by sickness, and further shows that his testimony was most material. Upon this showing, even if it be conceded that the trial court did not abuse his discretion in overruling the motion for a continuance, the motion for a new trial should have been granted. Chilson v. Reeves, 29 Texas, 280; Stanley v. Epperson, 45 Texas, 644.

The defendants specially excepted to that portion of plaintiff's petition which sought to recover the amount of the notes executed by plaintiff to the defendants in part payment of the amount agreed to be paid defendants for the well and screen.

In the absence of allegations that the notes had been negotiated and plaintiff was liable thereon, the petition shows no right in plaintiff to recover of defendants the amount of said notes, and the exception should have been sustained. The charge of the court did not authorize the jury to find for plaintiff the amount of said notes, but properly submitted the issue as to plaintiff's right to have said notes canceled. In view of this charge the error in overruling the exception was doubtless harmless, and would not require a reversal of the judgment. In view of another trial we shall not discuss the question of the sufficiency of the evidence to sustain the verdict, and the assignments which raise that issue are not passed upon.

The remaining assignments present no material error, and none that is likely to occur upon another trial.

Because of the refusal of the trial court to grant the motion for a continuance, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*