**STONEBERGER et al. v. BISHKIN.**
(No. 6667.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 18, 1922.)

**1. Continuance ⊂⇒12 — Court erred in not granting continuance by reason of absence for sickness of party.**

In an action on a note sought to be avoided on ground of fraud, court erred in denying an application for a continuance based upon the absence of one of the defendants, who was taken suddenly ill the night before, and was unable to be present and 'testify in the case, and would have testified in detail to the facts of the alleged fraudulent representations.

**2. Appeal and error ⊂⇒684(2)—Right to complain of denial of continuance not waived by failure to show in bill of exceptions ground of ruling.**

Defendants did not waive right to complain on appeal of overruling of application for a continuance by failing to show in their bill of exceptions "on what ground the court below overruled the" application.

**3. Continuance ⊂⇒26(1) — Sufficient diligence held shown as to continuance.**

Where a defendant who would testify as to material matters became suddenly ill the night before the trial, and was unable to be present, though in the city where the trial took place, it cannot be said that defendants did not show diligence to procure the testimony of such party, though plaintiff offered to join defendants and go to the bedside of the witness, and in that way take her testimony, by the court's stenographer and read it to the jury, which offer was declined; defendants being entitled to the testimony of the witness, and the witness as a party having a right to be present at the trial.

Appeal from District Court, Victoria County; John M. Green, Judge.

Action by Dave Bishkin against E. J. Stoneberger and others. Judgment for plaintiff, and defendants appeal. Reversed, and remanded for another trial.

C. C. Carsner and E. L. Dunlap, both of Victoria, for appellants.

R. L. Daniel, of Victoria, for appellee.

SMITH, J. The parties to this suit made an exchange of certain properties, to balance the trading value of which appellants gave appellee their note for $1,500, secured by a lien on the property they received in the exchange. Bishkin brought suit on the note, and obtained judgment.

Stoneberger and his associates, consisting of his wife and Barbara Rennau, defended upon the ground that Bishkin inveigled them into the deal by means of fraudulent representations, and sought to cancel the note and recover damages against Bishkin. In answer to special issues the jury found against appellants, and judgment was rendered in favor of Bishkin for the amount of the note.

[1-3] When the case was called for trial appellants, as defendants, filed an application for continuance, based upon the absence of Victoria Stoneberger, one of the defendants, who had been taken suddenly ill the night before, and on that account was unable to be present and testify in the case. This was the first application, and contained all the essential averments. It was shown that the absent witness would testify in detail to the facts of the alleged fraudulent representations in support of the pleadings, and this of course rendered her testimony material. The fact that the jury found against the appellants on this issue does not serve to render immaterial the loss of the testimony of the absent witness, as contended by appellee; if given any effect it would be to emphasize the importance of that testimony. Appellee also contends that appellants waived their right to complain of the overruling of their application, because they failed to show in their bill of exceptions "on what ground the court below overruled the" application. This failure does not have such effect, however. Such a showing is never incumbent on a complaining litigant. Appellee urges that appellant failed to show any diligence to procure the testimony of the absent witness. The witness resided in Victoria, where the case was tried. She was a party defendant. She expected to attend the trial in person, but, according to the application, was prevented from doing so only because of her sudden illness. Under these facts appellants were not required to take her deposition, or subpoena her as a witness. It was shown in a qualification appended to the bill of exception that appellee offered to join appellants and go to the bedside of the witness, and there and in that way take her testimony, to be written down by the court stenographer, who would read it to the jury, and it may be said to appear that the court directed the parties to pursue this course, but appellants declined. They were clearly within their rights in so declining. They were entitled to the testimony of the witness, and to have it adduced in the presence of the jury, that the credibility of the witness and the weight to be given her testimony could more certainly be determined. This was true of her as a witness. As a party directly interested, she had an additional right to be present at the trial. We think the application for continuance should have been granted. The first assignment of error is sustained.

In their second assignment of error appellants complain of the exclusion of certain testimony. We overrule this assignment, for the reason, given by the trial judge, that the element of damages there sought to be shown is too remote and speculative to warrant recovery in this case.

The judgment is reversed, and the cause remanded for another trial.

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction March 8, 1922.