## SAMPLEY v. SAMPLEY.

### No. 11438.

Court of Civil Appeals of Texas. Galveston.
Oct. 22, 1942.

Baskett & Parks and A. S. Baskett, all of Dallas, for appellant.

Manry & Cockran, of Livingston, and Russell Mount, of Houston, for appellee.

GRAVES, Judge.

This appeal is from a judgment of the 113th District Court of Harris County, entered in part upon a jury's verdict in response to special issues submitted, and in part upon independent findings of the court itself from the evidence.

The appellant, who was a nonresident of Harris County, was not present at the trial, nor was any evidence introduced in her behalf, but the findings of both court and jury were made from testimony offered by the appellee in his own behalf.

The court, in the circumstances stated, granted the appellee a divorce from the appellant on the ground of cruel treatment of a mental character, finding and holding that it had been of such a nature as to render the living together of the parties no longer supportable; indeed, this determination followed a like one by the jury, wherein it had affirmatively answered the one inquiry of the court as to whether the appellant "had been guilty of excesses, cruel treatment, or outrages, as complained of, toward the appellee, Troy Sampley, of such a nature as to render their living together insupportable?"

In the opinion of this court, the controlling question presented by the appeal is this, to-wit:

Whether the trial court reversibly erred in overruling the appellant's second application for a continuance.

There is substantially no dispute in the material and contributing facts attending the development of this inquiry; appellee's petition against appellant for divorce on the ground stated was very general in terms, no specific acts of cruelty being set out, nor were particular times, places, or details specified, it being this: "* * * during the last three or four years that plaintiff and defendant lived together as husband and wife, the defendant apparently changed her attitude toward plaintiff, and was constantly nagging and abusing plaintiff, and accusing him of excesses and injustices before his friends and business associates, and because of her extremely jealous disposition defendant accused plaintiff of infidelity. So dissatisfied was the defendant and so angry did she become that she avowedly set about making plaintiff's life and home environment as miserable as possible, which condition grew worse and more intolerable until immediately before the separation of plaintiff and defendant, plaintiff was subjected to a series of studied vexations and deliberate insults and provocations, which acts were so bitter and plaintiff so embarrassed thereby that he could not properly attend to his business, nor was he able to have any peace of mind, but on the contrary, he was constantly worried, until finally he was forced to leave his home and take up residence in Houston, Harris County, Texas, all of which acts were without provocation on the part of plaintiff and constitute such harsh, cruel and tyranical treat-

ment as to render their further living together as husband and wife insupportable."

The suit had been filed as recently as August 19 of 1941, appellant's answer following on September 22 thereafter, with a first setting of the cause for trial on December 8 of 1941; on that date it was continued on appellant's first application therefor, but not then set again for trial at a specific date; some time later, however, it was again set for a hearing on January 12 of 1942, but both appellant and her counsel were nonresidents of Harris County (both residing in Dallas) and neither of them were given any notice of such January 18 setting; after such first continuance on the 11th day of December, 1941, appellant's counsel, in strict compliance with his duty under Rule 246, Texas Rules of Civil Procedure, on December 28, 1941, wrote the clerk of the trial court requesting that he be notified of the setting of the case, to which the clerk replied on the 29th day of December, 1941, that he would do so, but for some reason that was not thereafter done, and the showing is complete that neither appellant herself nor her counsel ever knew of the resetting of the case for trial for January 12 of 1942, until her counsel was called by the trial court's clerk's office about 10 o'clock a. m. on January 12, notifying him of such setting for that date. The court passed the cause until the following morning, January 13, when appellant's counsel appeared and presented her second application for a continuance, which, under oath, alleged her serious illness in bed with heart trouble at Dallas and her physical inability to appear at Houston for such trial at that time, supported by her physician's sworn certificate to that effect, attached thereto; the application contained all the other requisites of a second application, including averments that she desired to attend the trial, deny all appellee's quoted averments, present her side of the entire controversy—including her reply to whatever testimony appellee might adduce at the trial—and that she knew of no other person by whom she could prove the facts she intended to testify to; that neither she nor her attorney had at any time been notified, except by telephone the day before, of such setting of the cause for trial, and that, because of such disabling illness alone, it was impossible for her to appear for trial at that time.

■ Despite this having been a second application, this court holds it to have been an abuse of discretion upon the trial court's part in overruling it; that her counsel in all material respects complied with Rule 246 seems to be undisputed, as well as does the showing that neither he nor appellant had ever in fact had any actual or constructive notice of the re-setting of the case for trial for January 12 of 1942, until such counsel was called up by long distance telephone from Houston at his home in Dallas that same morning; at that moment there is a like showing that appellant herself was seriously ill with heart trouble at Dallas and actually unable to leave her bed and go to Houston, according to her physician's certificate to that effect; her counsel went to Houston immediately, presented her second application for continuance, accompanied by such showing, and urged another setting of the cause, which the trial court refused.

Whereupon, the trial was had without the appellant's presence, or any testimony in her behalf, and the divorce granted, together with a settlement of their property interests and the custody of their minor children, upon evidence presented by the appellee alone.

■ The appellee's sole answer to the application for continuance, on the merits, was that he, through his counsel following the first continuance, offered to aid appellant's counsel in procuring her deposition by waiving time, commission, etc., so that she might in that way get her testimony into the cause before another trial; but it is this court's conclusion that she was not compelled—at her peril—to content herself with a deposition in advance of and in anticipation of being unable to appear at some future date; especially so, when the appellee—by his general averments only of his charges against her—had given her no specific premonition of what she would have to meet when he himself came thereafter to testify in support of them at the trial. That he did so in detail in this trial in her absence, and, as this court views the matter, she was unwarrantably deprived of an opportunity to answer not only his pleadings, but his testimony as well. For analogy in principle, see Stoneberger v. Bishkin, Tex.Civ.App., 236 S.W. 782.

These conclusions require a reversal and a remanding of the cause for another trial; it will be so ordered.

Reversed and remanded.