**NATIONAL INSURANCE COMPANY OF AMERICA et al., Appellants,**

**v.**

**Jerry BROOME, Appellee.**

**No. 205.**

Court of Civil Appeals of Texas.

Tyler.

March 31, 1966.

Rehearing Denied April 28, 1966.

Dean W. Turner, Bath & Turner, Henderson, for appellants.

Vaughan O. Stewart, Wellborn & Houston, Henderson, for appellee.

SELLERS, Justice.

The plaintiff, Jerry Broome, filed this case in the trial court on January 13, 1965

against the defendant National Insurance Company of America and Robert Beebe. Plaintiff, in his petition, alleges:

"1.

"Plaintiff is a resident of Gregg County, Texas. Defendant Beebe is a resident of Rusk County, Texas, and can be reached for service at his home at 616 Turner Street, Kilgore, Texas. Defendant National Insurance Company of America is either a Texas corporation or a foreign corporation licensed to do business in Texas and actually doing business in Texas.

"2.

"On or about October 26, 1964, defendant Beebe, acting on behalf of National Insurance Company of America and by its authority, employed plaintiff as an agent to solicit and sell life insurance for the defendant company. It was agreed between the parties, that plaintiff would work full time at acquiring purchasers for National's insurance policies, that in consideration for this employment Plaintiff was guaranteed a salary of $500.00 per month for at least three months from the date of employment, that for the next three months following the expiration of the initial three months of employment plaintiff would be paid a salary of $500.-00 per month if commissions earned by him in the sale of life insurance had not reached an amount sufficient to establish a $500.00 monthly income for plaintiff. Stated in another way, defendant Beebe promised and guaranteed to plaintiff a minimum monthly income of $500.00 per month for the first six months of his employment for Beebe and the National Insurance Company of America.

"3.

"In reliance on these promises and assurances, and in consideration thereof, plaintiff terminated his then existing employment with Southland Corporation and began working for defendant Beebe and National Insurance Company of America. Plaintiff was drawing a monthly salary of $325.00 from Southland Corporation, plus a percentage commission on sales, at the time he terminated that employment and entered the employ of defendants. Plaintiff and defendants contracted with express reference to the promised salary hereinbefore mentioned in exchange for and in consideration of plaintiff's full participation in the sales program of defendants."

The defendants filed separate answers to this petition in which they both pled a general denial. The case was tried to a jury and resulted in a judgment against both defendants, jointly and severally, for the sum of $1,794.38. From this judgment, both defendants have prosecuted an appeal to this court. Both defendants filed motions for continuance of this case which were overruled by the trial court. The proceedings with reference to these motions, as stated in appellants' brief, are as follows:

"* * * This case was originally filed on January 13, 1965, at which time the six months period claimed by Plaintiff under his alleged contract with Defendants had not expired. The case was set for trial at the first term of Court after it was filed, such term beginning on the first Monday in March, 1965.

"Between the time he was served and the date of the trial, Defendant Beebe was arrested and given a jail sentence in Shreveport, Louisiana, for giving a hot check, and he was still in jail when the case was called for trial on April 5th. Defendants NICOA (this reference is to the defendant insurance company) and Beebe filed a joint motion for continuance on said date which was not controverted. The case was not reached for trial and was reset for April 26, which was during the same term of Court. On that date, NICOA filed a separate First Amended Motion for Continuance, alleging that Beebe was confined in the Cad-

do Parish Jail in Shreveport, Louisiana, was not subject to subpoena, would not be able to respond to a subpoena to testify as a witness at said trial, and that he was the only person cognizant of numerous facts alleged by Plaintiff including the alleged employment of Plaintiff, the alleged salary, the alleged sales and activities of Plaintiff, the amount of damages, and numerous other facts and claims which the other Defendant in the case could not possibly anticipate before the trial, but which could be controverted by the testimony of Beebe.

"Defendant Beebe, in his separate First Amended Motion for Continuance filed on said date, set forth the same facts including the fact that Beebe would deny the allegations of Plaintiff. In said motion, Mr. Beebe's counsel also stated that he had attempted to talk to his client regarding the facts of this case and had been denied the opportunity to do so by the jailer, and by the Deputy Sheriff of Caddo Parish, Louisiana. Attached to said motion was the sworn statement of the Sheriff of Caddo Parish, Louisiana, showing Beebe to be in jail and giving the date of the beginning of his sentence and the length of term. These motions were controverted by the Plaintiff.

"Upon hearing, Mr. Lapin, testified that he had made several attempts to get in touch with his client, Beebe, and was not even permitted to talk to him over the telephone.

"Defendants' motions for continuance were overruled by the Court and the case proceeded to trial in the absence of Defendant, Beebe."

The plaintiff's contest to the motions for continuance is based largely upon the ground that defendants did not use diligence in securing the depositions of Beebe.

■ In view of the fact that this was an appearance case at this term of Court, that Beebe was a party defendant and had retained an attorney to represent him, that he was the only witness who could dispute the allegations of plaintiff's petition as to the contract of employment, and that he was at the time beyond the jurisdiction of the Court and was imprisoned in jail in Shreveport, Louisiana, and was denied the privilege of communicating with his attorney, in our opinion the Court should have granted both applications for continuance.

■ We are of the opinion that any lack of diligence on the part of appellant was excused since appellant Beebe was beyond the jurisdiction of the Court and was denied the right to communicate with his counsel and prepare for the trial of this case. Low, Hudson & Gray Water Co. v. Hickson, 32 Tex.Civ.App. 457, 74 S.W. 781:

"* * * The defendant Hudson was prevented from attending the trial by sickness. The fact of Hudson's sickness and his inability to be present at the trial on that account, and also the materiality of his testimony, was shown to the trial court in an application for a continuance filed by the defendants when the case was called for trial, and by the affidavit of said Hudson and the certificate of his attending physician, filed with defendants' motion for a new trial. No controverting affidavits were filed either to the motion for a continuance or the motion for a new trial. The motion for a continuance should have been granted, and the error of the trial court in refusing same requires a reversal of the judgment. The fact that the defendant Hudson did not reside in the county in which the case was tried, nor the further fact that he was temporarily out of the state on a business trip, when he was taken sick, and thereby prevented from carrying out his intention of attending the trial, did not require the defendants to have taken his deposition, and the failure to have said depositions did not show negligence or a lack of diligence on their part. * * *"

■ The right of the defendant to be present and testify in his behalf before the

jury is a valuable right which should not be denied when his presence at the trial is beyond his control. Stoneberger et al. v. Bishkin, Tex.Civ.App., 236 S.W. 782:

"* * * Appellee urges that appellant failed to show any diligence to procure the testimony of the absent witness. The witness resided in Victoria, where the case was tried. She was a party defendant. She expected to attend the trial in person, but, according to the application, was prevented from doing so only because of her sudden illness. Under these facts appellants were not required to take her deposition, or subpoena her as a witness. It was shown in a qualification appended to the bill of exception that appellee offered to join appellants and go to the bedside of the witness, and there and in that way take her testimony, to be written down by the court stenographer, who would read it to the jury, and it may be said to appear that the court directed the parties to pursue this course, but appellants declined. They were clearly within their rights in so declining. They were entitled to the testimony of the witness, and to have it adduced in the presence of the jury, that the credibility of the witness and the weight to be given her testimony could more certainly be determined. This was true of her as a witness. As a party directly interested, she had an additional right to be present at the trial. We think the application for continuance should have been granted. * * *"

It is true that the above cited case is one in which the defendant was sick and unable to come to court and we find no Texas case where a defendant who is confined in jail and unable to be present for that reason is entitled to a continuance of his case; but, in Volume 17 C.J.S. Continuances § 31, page 411, the rule in which imprisonment is stated is as follows:

"* * * The court may grant a continuance where a party has been imprisoned outside the state, or where by reason of his confinement he has had no op-

portunity to instruct his counsel in his defense; * * *."

 The Court of Criminal Appeals in this State, in the case of Turner et al. v. State, has held that where a defendant is in jail and denied the right to communicate with his attorney, he is entitled to a continuance where his liberty is at stake, and we are of the opinion that the rules should be applied when the defendant's property rights are involved.

For the foregoing reasons, we are of the opinion that the judgment of the trial court should be reversed and the cause remanded for another trial. There are other assignments of error which we have not considered for the reason that same may not occur on another trial.

DUNAGAN, C. J., and MOORE, J., concur.