Mack **LINTON** et ux., Appellants,

v.

Judy **JONES**, Appellee.

No. 528.

Court of Civil Appeals of Texas, Tyler.

Jan. 14, 1971.

Rehearing Denied Feb. 4, 1971.

Charles H. Clark, Tyler, for appellants.

Crawford Parker, Jr., Carthage, Gordon Wellborn, Rex Houston and Guinn D. Tate, Henderson, for appellee.

McKAY, Justice.

This is an appeal from an adverse judgment entered below in favor of appellee Judy Jones upon her suit for damages resulting from personal injuries, brought against appellants Mack Linton and wife, Jo Ann Linton. Appellants' only point complains of the trial court's action in overruling their motion for continuance.

It appears that on March 12, 1970, some eleven days prior to the date of trial, appellants were served with notices of intention to apply for commissions to take the written interrogatories of two medical doctors to be used as evidence by appellee at the trial. The commissions were issued on March 16, 1970, and the depositions of Drs. Barekman and Weary were taken by written interrogatories at Dallas on March 19, 1970. At the call of the trial docket on March 23, 1970, appellants' attorney filed a motion for continuance, sworn to on March 20, by which he contended that he was not able to go to trial at that time because as of that time, he had not received the answers to the direct interrogatories propounded to these doctors by appellee and therefore had not been afforded an opportunity to direct cross-interrogatories to each of the doctors and as a result, was denied an opportunity of cross-examination. The motion read, in part, as follows:

"* * * Defendants' attorney could not possibly direct cross-interrogatories to the doctors when the notices were served for the reason that Defendants' attorney has no idea of the nature of Plaintiff's complaints to these doctors or the type of treatment she may have received from them. It will be necessary for Defendants' attorney to see the answers of the doctors to the interrogatories before being able to formulate interrogatories to the doctors on behalf of the Defendants. For these reasons, Defendants cannot be ready for trial at the time this case is set for trial on March 23, 1970."

The motion was overruled.

It is a well settled rule that the matter of granting or refusing a continuance is generally addressed to the sound discretion of the trial court, and the order

of the trial court will not be disturbed on appeal unless there was an abuse of discretion. Rules 251, 252, Texas Rules of Civil Procedure; Hernandez v. Heldenfels, 374 S.W.2d 196 (Tex.Sup.1963); Foster v. Texas Department of Public Safety, 443 S.W.2d 66 (Tex.Civ.App., San Antonio, 1969, n. w. h.).

 Appellee followed Rule 189, T.R.C. P., in giving notice of her intention to apply for commissions to take the answers of the doctors to written interrogatories and her counsel served appellants with a copy of the notices and the questions to be submitted to the doctors. Rule 192, T.R.C.P., provides when cross-interrogatories may be filed:

> "Whenever one party may file interrogatories for the purpose of taking the deposition of a witness, the opposite party may file cross-interrogatories at any time *before* the commission issues, and a copy of the same shall accompany the direct interrogatories, and shall be answered and returned therewith." (Emphasis added.)

Appellants filed no cross-interrogatories before the commissions were issued, and therefore, they waived the right to file any cross-interrogatories to these doctors. Ector v. Wiggins, 30 Tex. 55 (1867), St. Louis and S. F. R. Co. v. Matlock, 141 S. W. 1067 (Tex.Civ.App., Dallas, 1911, writ ref.).

Appellants did not choose to file any motion for protection under Rule 186b, T.R. C.P. In such a situation as confronted appellants' counsel, we appreciate the problem of submitting cross-interrogatories without some information as to what the medical witnesses knew, if anything, about appellee's physical or mental condition, or without knowing whether the doctors had examined appellee. Under the Rules, however, we find counsel must either timely submit cross-interrogatories, or take some step to have an oral deposition taken, or some other protective action must be taken to cancel or postpone the deposi-

tion. The trial court has wide latitude under Rule 186b in these matters.

Appellants' counsel may have expected from custom or experience that answers to direct interrogatories would be made available to him before he would be required to submit cross-interrogatories, but such was not done, nor was it required under the Rules. The necessary diligence is not shown for us to conclude that the trial court abused its discretion in overruling the appellants' motion for continuance. Fritsch v. J. M. English Truck Line, 151 Tex. 168, 246 S.W.2d 856 (1952); Commercial Standard Insurance Co. v. Merit Clothing Co., 377 S.W.2d 179 (Tex.Sup. 1964).

Appellants' point of error is overruled.

Judgment of the trial court is affirmed.