Joseph Edwin DOYLE, Appellant,

v.

Emma Mae DOYLE, Appellee.

No. 7302.

Court of Civil Appeals of Texas, Beaumont.

Feb. 3, 1972.

Rehearing Denied Feb. 24, 1972.

Motion to Stay Proceedings Denied April 6, 1972.

Bowen C. Tatum, Jr., Huntsville, W. R. Sessions, Dallas, for appellant.

Boyd & Killough, Dallas, for appellee.

STEPHENSON, Justice.

This is an appeal from a judgment entered upon a jury verdict awarding the wife (plaintiff) a divorce and custody of the minor child. The parties will be referred to here as they were in the trial court.

Defendant's three points of error are all based upon the premise that it was error for the trial court to hear this case in defendant's absence. Defendant was an inmate in the Texas Department of Corrections at the time of trial. His motion for a continuance on that ground was denied, as was his motion that the trial judge issue a bench warrant for him to appear.

Defendant filed an asnwer in his own behalf. The motions mentioned above were filed by the firm of attorneys representing defendant in this appeal, who also participated in the jury trial from which this appeal was taken. Defendant argues that he had a fundamental constitutional right to appear personally and defend this divorce action. Apparently, this is a question of first impression in this state.

We have found no provision in the law of this state authorizing a trial judge to issue a bench warrant in a civil case. Art. 275, Vernon's Ann.Civ.St., provides for the issuance of attachments in specific instances in civil cases, none of which pertain to the situation before us. Art. 24.13, Vernon's Ann.Code of Criminal Procedure, provides for the attachment of a convict witness in a criminal case. Such latter article makes provision for a hearing before the trial judge in which he must find the ends of justice require the presence of a witness before an attachment is issued. We have been cited no Texas case supporting defendant's contention. We have concluded the questions as to whether it was error on the part of the trial court to overrule defendant's motions to continue the case, and to issue a bench warrant, are controlled by the usual "abuse of discretion" rule. As written by Justice Norvell in Hernandez v. Heldenfels, 374 S.W.2d 196, 202 (Tex.Sup.1963):

"The matter of granting a continuance rests within the sound discretion of the trial judge."

Some of the most recent cases following this rule are: Linton v. Jones, 462 S.W.2d 636 (Tex.Civ.App., Tyler, 1971, no writ), and Estes v. Republic National Bank of Dallas, 450 S.W.2d 397 (Tex.Civ.App., Dallas, 1969), affirmed 462 S.W.2d 273 (Tex.Sup.1970).

The motion for continuance in our record states only that defendant, because of his incarceration, is unable to appear and defend his rights. There is no attempt to show what matters he would testify to if he took the stand as a witness, as provided for in Rule 252. Further, we have no statement of facts and have no way of knowing what testimony the trial court heard as to the ground for divorce and custody of the minor child. Under these circumstances, the defendant has not demonstrated to this court that the trial court abused its discretion in overruling either the motion for continuance or the motion to issue a bench warrant. In any event, defendant has not discharged the burden placed upon him by Rule 434.

Judgment affirmed.