Malcolm Glenn RAY, Appellant,

v.

Frances Earlene RAY, Appellee.

No. 941.

Court of Civil Appeals of Texas, Tyler.

Sept. 16, 1976.

Lance C. Winchester, Butler, Binion, Rice, Cook & Knapp, Houston, for appellant.

Joel Cook, Schlanger, Cook, Cohn & Mills, T. Wayne Harris, Houston, for appellee.

MOORE, Justice.

This is a divorce case in which the only problem is the denial of a motion for continuance by appellant based upon his absence at the trial. Frances Earlene Ray, appellee here and petitioner below, instituted suit against her husband, Malcolm Glenn Ray,

appellant here and respondent below, for divorce, custody of the minor children and division of the community property. In his answer appellant filed a general denial and sought custody of the minor children in the event a divorce was granted. Trial was held before a jury and pursuant to the jury's verdict on five special issues the court rendered a decree of divorce, awarded the custody of all three children to the appellee and ordered a division of the community property.

By a single point of error appellant appealed from the judgment on the sole ground that the trial judge abused his discretion in denying a motion for continuance and in failing to grant a new trial due to appellant's absence at the trial. We find no abuse of discretion and affirm the trial court.

The record is before us upon a transcript without a statement of facts. The transcript contains nothing more than the pleadings, certain docket entries made by the trial judge and appellant's second motion for continuance. The record shows that the cause was set for the week of Tuesday, September 2, 1975. In accordance with the local court rules,[1] appellant's attorney appeared at a docket call on Friday, August 29, 1975, and announced "ready" for trial for the week of September 2nd. On the date on which the case was called to trial, appellant's attorney appeared and filed a handwritten motion for continuance and as grounds for continuance, alleged that at a preliminary hearing theretofore held on August 20, 1975, the trial judge had stated, in appellant's presence, that the case "would probably not be reached for trial this week" (the week for which trial had been scheduled). Appellant's attorney fur-

ther alleged that as a result of the August 20, 1975, hearing, the appellant was ordered to vacate the community residence by August 27, 1975; and that he had not heard from the appellant nor had any communication from the appellant since the date of the aforementioned hearing, August 22, 1975.[2] Appellant's attorney also alleged that he had no idea where the appellant presently resided and had no way to contact him despite having made numerous efforts to so do; that Mr. Ray had not been notified that the case had been called for trial and that he had no way to notify him that the case had been called to trial.

It is a well settled rule in Texas that the granting of continuance is a matter resting within the sound discretion of the trial judge. Rules 251, 252, Texas Rules of Civil Procedure; *Hernandez v. Heldenfels,* 374 S.W.2d 196, 202 (Tex.1963); *Doyle v. Doyle,* 482 S.W.2d 285 (Tex.Civ.App.—Beaumont 1972, no writ), cert. denied, 409 U.S. 855, 93 S.Ct. 195, 34 L.Ed.2d 100 (1972); *Linton v. Jones,* 462 S.W.2d 636 (Tex.Civ.App.—Tyler 1971, no writ). Where the motion for continuance is grounded upon the absence of a party or a witness from the proceeding, the principles often applied are those set forth in *Erback v. Donald,* 170 S.W.2d 289, 291 (Tex.Civ.App.—Fort Worth 1943, writ ref'd w. o. m.) where it was said:

" * * * A motion for such a continuance is addressed largely to the discretion of the trial court. His action will not be disturbed on appeal unless there has been a clear abuse of discretion. Mere absence of the party is not enough to entitle him to a continuance. It must be shown both that the absent party had a reasonable excuse for not being present, and that his absence resulted to his preju-

1. Rule 6 reads, in part as follows:

"Unless otherwise designated by notice posted on the courthouse door, on Friday at 9:00 A.M., preceding each week of the assignment, both the jury and non-jury cases for the following week shall be called. If any party to a case duly set on the docket is not ready for trial at the time the docket is called and no binding agreement has been reached between all parties to the case to pass or to continue the case,

such party not being ready shall file a motion for continuance. All such motions for continuance shall be heard at such time as the Court shall specify.

"After an Announcement of Ready has been made in a case, each party shall hold himself in readiness to proceed to trial immediately upon notice, . . . ."

2. The docket showed this hearing to have been held on August 20, 1975.

dice. A reasonable excuse for the absence will not require a reversal where no prejudice is shown. A continuance may properly be denied if the motion therefor fails to show that by the exercise of reasonable diligence the party's testimony could not have been made available by taking his deposition. The testimony of the absent party must be material, and must, we think, be such as would be admissible under the pleadings. * * "

■ To some extent the foregoing principles were brought forward in Rule 252 of the Texas Rules of Civil Procedure, especially insofar as the requisites of the affidavit accompanying a motion for continuance is concerned. The foregoing rule has been interpreted to require that the applicant for a continuance recite *inter alia* that he has used due diligence, stating such diligence and the cause of failure, if known. *Wilemon v. State,* 385 S.W.2d 573, 579 (Tex. Civ.App.—Dallas 1964, rev'd on other grounds 393 S.W.2d 816 (Tex.1965). Furthermore, a statement in the affidavit of the mere conclusion that diligence was used is insufficient to satisfy Rule 252. *Echols v. Brewer,* 524 S.W.2d 731, 734 (Tex.Civ.App. —Houston [14th Dist.] 1975, no writ); *American Bankers Insurance Company v. Fish,* 412 S.W.2d 723 (Tex.Civ.App.—Amarillo 1967, no writ).

■ Unquestionably the right of a defendant to be present at the trial and to testify in his behalf is a very valuable right which should not be denied when his absence from trial is beyond his control. *National Insurance Co. of America v. Broome,* 401 S.W.2d 862, 865 (Tex.Civ.App.—Tyler 1966, writ ref'd n. r. e.) citing *Stoneberger v. Bishkin,* 236 S.W. 782, 783 (Tex.Civ.App. —San Antonio 1922). To retain this right the party claiming such right must comply with Rule 252. In the case of *Doyle v. Doyle,* supra, a wife sued her husband for divorce and custody of their child while the husband was an inmate in the Texas Department of Corrections. The trial was before a jury and the motion for continuance stated only that the defendant was unable to appear because of his incarceration. No attempt was made to set forth the matters to which he would testify as a witness. As in the instant case, there was no statement of facts and consequently no way for the appellate court to know what testimony the trial court heard as grounds for divorce and custody of the child. In *Doyle* the court consequently found no abuse of discretion by the lower court. *Doyle v. Doyle,* supra; see also *Berry v. Berry,* 257 S.W.2d 780 (Tex.Civ.App.—Eastland 1953, no writ); *Condry v. Mantooth,* 460 S.W.2d 513 (Tex. Civ.App.—Houston [1st Dist.] 1970, no writ).

■ In the instant case few, if any, of the requisites found in Rule 252 or in the cases cited hereinabove, were met. There was no showing of the diligence used by appellant's attorney to contact the appellant nor did appellant offer any excuse for failure to appear at the trial. Moreover, there was nothing to show what testimony could be expected from appellant had he been present at the trial. At most, the motion for continuance contained allegations constituting mere conclusions in support of the foregoing requisites.

■ As mentioned hereinabove, under the local rules once appellant had announced ready at docket call, he was required to hold himself in readiness to proceed to trial immediately upon notice. By implication it must be assumed that at the preliminary hearing on August 20, 1975, the appellant knew of the trial setting for the week of September 2, 1975. Even though the court at the preliminary hearing may have remarked that the case "probably" would not be reached during the week of September 2nd, this statement would not excuse appellant from keeping in contact with his attorney or otherwise ascertaining the trial date. It was the duty of the appellant to exercise diligence in keeping his attorney advised of his whereabouts and in keeping himself informed about the disposition of his case. As we view the record no showing of such diligence was offered.

For the reasons stated the judgment of the trial court is affirmed.