# CONCURRING OPINION

No. 04-11-00294-CV

**IN THE INTEREST OF D.C.C.**, et al., Children

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2010-PA-00389
Honorable Charles E. Montemayor, Judge Presiding

Opinion by:     Sandee Bryan Marion, Justice
Concurring Opinion by:  Rebecca Simmons, Justice

Sitting:        Catherine Stone, Chief Justice
                Sandee Bryan Marion, Justice
                Rebecca Simmons, Justice

Delivered and Filed:  December 7, 2011

I concur with the majority that the trial court acted within its discretion, but I write separately to reinforce the principle that litigants should not be denied access to the courts simply because they are incarcerated.  *See In re Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003). Unfortunately, this principle is sometimes disregarded in a trial court's rush to justice.  The opening sentence of the majority opinion reflects a regrettable result of this disregard: "Because appellant was incarcerated she did not participate in the termination trial."  Because she was not present, she was unable to present any evidence to oppose the termination of her parental rights to her two children.

Appellant was not present at trial because, a few days before trial, she was moved from the Bexar County jail to another facility without counsel's knowledge.  Counsel claimed that he was unable to secure her appearance by video as he had planned.  Because counsel did not file a continuance or make any record of the circumstances surrounding his client's absence or her need to testify, I concur in the judgment of this court but also note that there is a distinct difference between a parental termination case and other civil cases that do not have a

constitutional dimension. It is this constitutional dimension that is a factor that should weigh heavily when assessing an inmate's participation in a termination proceeding. Had she been present at the trial, the mother would have heard the State's evidence and could have responded with evidence that her attorney simply could not provide. She would have had the opportunity to rebut the State's assertions and could have offered her own testimony regarding her attitudes, her willingness to comply with court orders, and her love for and commitment to her children. Her testimony may not have changed the court's decision, but it would have provided the court with more complete information and would have given the mother an opportunity to be heard.

In its opinion the majority relies on *In re Z.L.T.*, which held that an inmate seeking to appear in a proceeding must present factual information to the trial court to assess the necessity of her appearance. Significantly, *In re Z.L.T.* involved the denial of a request for a bench warrant. The request for a bench warrant provides an opportunity for the inmate to educate the court before trial on the relevant factors that were discussed in *In re Z.L.T.* However, in this case, appellant's attorney claimed he did not know she was going to be unavailable until immediately before trial; thus there was limited opportunity to obtain or provide evidence of the factors recited in *In re Z.L.T.* However, despite the hardship, the mother's attorney could have filed a written motion for continuance or at least made a record of the specific reasons justifying his client's testimony and appearance. *See* TEX. R. CIV. P. 251 (permitting a continuance for "sufficient cause supported by affidavit"); *Doyle v. Doyle*, 482 S.W.2d 285, 286 (Tex. Civ. App.—Beaumont 1972, no writ) (sustaining the denial of an absent inmate's motion for continuance in a divorce proceeding where counsel showed only that the husband could not appear because he was an inmate and failed to "show what matters [the inmate] would testify to if he took the stand as a witness").

Unfortunately, the mother's attorney failed to request or provide any details to support a continuance, and the court chose to proceed with trial. However, I suggest that the decision to proceed with termination without parental participation should not be taken lightly. The minimal costs to the judicial and correctional systems to delay the trial until the mother could be present—even if only by remote appearance—seem to be outweighed by the mother's interest in personally participating in a trial of such import. Although the trial court acted within its discretion, I believe the better practice here—even in the face of her attorney's failure to adequately present evidence to support his "not ready" announcement—would have been to postpone the trial until the mother could be present in some manner.

For the reasons given above, I respectfully concur.

Rebecca Simmons, Justice