John C. ECHOLS et al., Appellants,

v.

E. E. BREWER et ux., Appellees.

John C. ECHOLS et al., Appellants,

v.

Gary McCONNELL, Appellee.

Nos. 1172, 1195.

Court of Civil Appeals of Texas, Houston (14th Dist.).

June 4, 1975.

J. Clifford Gunter, III, Mike A. Pohl, Bracewell & Patterson, Houston, for appellants.

Wiley Thomas, Jerry Benedict, Angleton, W. Dan Myers, Dearman, Myers & Brown, Houston, for appellees.

TUNKS, Chief Justice.

On December 2, 1974, John C. Echols and Robert K. Carter filed suit in the 190th District Court of Harris County against E. E. Brewer and wife, Dorothy Brewer, Gary McConnell, and William Taylor. The petition alleged the existence of a shareholders' voting agreement between the plaintiffs and E. E. Brewer and sought enforcement. It also alleged the existence of a fiduciary relationship on the part of E. E. Brewer and the fraudulent breach by E. E. Brewer of his fiduciary duties to the plaintiffs for which damages and other relief were sought. Brewer and wife were alleged to be residents of Brazoria County and McConnell and Taylor residents of Harris County.

The record, as shown by the transcripts filed in this Court, is somewhat confusing as to the proceedings in the trial court following the filing of plaintiffs' petition.

On December 11, 1974, Taylor filed a plea of privilege to be sued in Galveston County, where he allegedly resided. On December 20, plaintiffs controverted Taylor's plea, alleging an exception under subdivision 4 of Vernon's Tex.Rev.Civ.Stat.Ann. art. 1995 (1964). The transcript included an order signed March 5, 1975, by the judge of the 190th District Court reciting that Taylor's plea of privilege was heard on January 27, 1975 and denying the plea of privilege "without prejudice." That order also recited ". . . that Plaintiffs will have ninety (90) days in which to effectuate service on Defendant, Gary McConnell; and that in this interim period William Taylor's plea of privilidge [sic] may not be re-urged and will not be entertained by this court. . . ." Counsel for plaintiffs and for Taylor noted their approval of that order by their signatures. Taylor's counsel does not appear as counsel for any of the parties in these appeals.

On December 16, 1974, defendants E. E. Brewer and wife filed their pleas of privilege and answers subject thereto. On December 20, the plaintiffs controverted the Brewers' pleas of privilege, again claiming the exception of subdivision 4. On January 21, 1975, this controverting affidavit was amended so as to allege also the exception provided by subdivision 7 of Article 1995.

On January 30, 1975, McConnell filed his plea of privilege and answer subject thereto

alleging his residence to be in Brazoria County. The plaintiffs and their counsel were not served with a copy of this plea until February 13, 1975.

Also on January 30, 1975, the judge of the 152nd District Court of Harris County signed an order setting a hearing "on the Pleas of Privilege in the captioned cause" for February 17, 1975. The transcript does not show at whose request this order of setting was made, but it seems he conceded that it was at the request of counsel for the defendants Brewer and McConnell and that plaintiffs and their counsel did not receive notice of it until February 12, 1975.

An order signed by the judge of the 152nd District Court on February 18, 1975 recites that on February 17

the Court asked for announcements on the hearing of the Pleas of Privilege of the Defendants, E. E. Brewer and Dorothy Brewer and the Plaintiffs announced that they were not ready and presented a Motion for Continuance of said hearing, and the attorney for the Defendants announced ready; the Court proceeded to hear the Motion for Continuance filed by the Plaintiffs, John C. Echols and Robert K. Carter, and after hearing the argument of the attorneys, is of the opinion and finds that the same should be overruled. . . .

There then follows a formal order overruling the motion for continuance. The order then recites,

WHEREUPON, the Court proceeded to hear the Pleas of Privilege of the Defendants, E. E. Brewer and Dorothy Brewer and the Controverting Affidavit filed by the Plaintiffs in reply thereto, and after Plaintiffs announced they would not offer evidence is of the opinion and finds that said Pleas of Privilege should be sustained. . . .

There then follows an order ". . . that said Pleas of Privilege of the Defendants, E. E. Brewer and Dorothy Brewer be, and the same is hereby sustained and same is transferred to the District Court of Brazoria County, Texas."

The appellants appealed from this order. As to it, their complaints are that the trial court erred in overruling their motion for continuance and that the order is not in proper form.

As noted above, plaintiffs were not served with a copy of McConnell's plea of privilege until February 13. The ten days they were allowed, under Texas Rules of Civil Procedure, rule 86, to controvert that plea had not passed by the date of the hearing before the 152nd District Court on February 17. For that reason the trial court did not, and could not, rule on McConnell's plea in the February 17 hearing. The order signed following that hearing sustained only the pleas of privilege of the Brewers.

On March 10, 1975, the plaintiffs filed a motion for extension of time in which to controvert the plea of privilege of McConnell. On March 24, that motion was overruled by the trial court and an order entered sustaining McConnell's plea and transferring the case as to him to Brazoria County. The plaintiffs appeal from that order on the ground that the court erred in overruling their motion for extension of time in which to file their controverting affidavit.

The first position taken by appellants is that the trial court erred in overruling their motion to postpone the plea of privilege hearing set for February 17. As grounds for such postponement, appellants stated in their motion:

6. The reasons for requesting the postponement were and are that both Plaintiffs, Robert K. Carter and John C. Echols, have previous business engagements which will require them to be out of town on February 17, 1975. Mr. Echols is engaged in business in Jasper, Texas on that date and Mr. Carter must be in Waco, Texas to meet prior business commitments on that date. These commitments were scheduled far in advance of the requested hearing for February 17,

1975; they were specifically scheduled on Monday, February 17, 1975 as that day is a banking holiday. Both Plaintiffs are engaged in the banking business.

7. The undersigned counsel, J. Clifford Gunter III, lead counsel for Plaintiffs in this cause, also had prior commitments which will make it necessary for him to be out of Houston, Texas on Monday, February 17, 1975.

They also stated that the testimony of Robert K. Carter was "absolutely essential" for proof of the fraud alleged in their petition and relevant to their subdivision 7 exception alleged in their controverting plea.

■ For several reasons the motion did not meet the requirements of Tex.R.Civ.P. 252. It did not show the diligence used to arrange for the presence of Echols and Carter. It did not show that their "business engagements" could not be rescheduled. It did not show that the nature of the business engagements was such as to require the personal presence of Echols and Carter and that they could not be represented at the meetings by someone else. Since the missing witnesses were parties, a motion for continuance based on their absence was addressed largely to the discretion of the trial court. Condry v. Mantooth, 460 S.W.2d 513 (Tex.Civ.App.—Houston [1st Dist.] 1970, no writ); Erback v. Donald, 170 S.W.2d 289 (Tex.Civ.App.—Fort Worth 1943, writ ref'd w. o. m.).

In another respect appellants' motion for continuance failed to strictly comply with Rule 252. It merely stated that Mr. Carter's testimony was "absolutely essential" on the issues of the appellees' fraud. Rule 252 requires that if a continuance is sought on the ground of want of testimony, it must be upon ". . . affidavit that such testimony is material, showing the materiality thereof . . . ." The conclusion statement in the appellants' motion does not meet that requirement. Emmco Insurance Company v. Burrows, 419 S.W.2d 665 (Tex. Civ.App.—Tyler 1967, no writ); Davis v. National Acceptance Co., 233 S.W.2d 321 (Tex.Civ.App.—Dallas 1950, writ ref'd n. r. e.).

Even if the appellants' motion had been in strict compliance with Rule 252, the trial court could have examined the allegations as to diligence in the light of the record before it and, if that record sustained a finding of lack of diligence, could properly, in its discretion, have overruled it. Fritsch v. J. M. English Truck Line, 151 Tex. 168, 246 S.W.2d 856 (1952).

■ Appellants' motion for continuance based on the absence of Mr. Gunter, designated as their lead counsel, was also addressed to the discretion of the court. Browne v. Jefferson County, 507 S.W.2d 293 (Tex.Civ.App.—Beaumont 1974, writ ref'd n. r. e.); Tex.R.Civ.P. 253. While Mr. Gunter was the one who had signed the plaintiffs' pleadings, the name of Mr. Mike A. Pohl, another member of the same firm, also appeared on the pleading as attorney of record. Before the plea of privilege hearing, there had been a hearing before the same judge on an application for temporary injunction. Mr. Pohl appeared in behalf of the plaintiffs at the plea of privilege hearing. In fact, in oral presentation of the case in this Court, Mr. Pohl made the opening argument by which he demonstrated himself quite able to represent the plaintiffs. The trial court could well have believed that Mr. Gunter's absence, if unavoidable, did not deprive the plaintiffs of capable representation. Furthermore, plaintiffs' motion did not adequately show facts making it necessary for Mr. Gunter to be absent. See Piano v. Gulf Coast Investment Corporation, 429 S.W.2d 554 (Tex.Civ. App.—Houston [14th Dist.] 1968, writ dism'd).

The trial court did not commit reversible error in overruling the plaintiffs' motion for continuance.

■ The appellants also complain of the form of the judgment rendered after the hearing of the Brewers' pleas of privilege. The language of that judgment is set forth above. Appellants' complaint as to the lan-

guage of the judgment includes a complaint that it does not specify whether all or only a part of the case was to be transferred to Brazoria County. This objection is well taken.

Plaintiffs' petition alleges that they and Brewer entered into a written shareholders' agreement which was intended to and did give the three of them voting control of the First Danbury State Bank of Danbury, Texas. A copy of that agreement is attached to plaintiffs' petition. They alleged a breach of that agreement by Brewer (and other breaches of duty by him). They alleged that Brewer, with the help of his wife, McConnell, and Taylor, circulated another shareholders' agreement in violation of Brewer's agreement with them. Among the items of relief for which they asked in their prayer was an adjudication "[t]hat the voting agreement presently being circulated by Defendants be in all respects cancelled and held null and void. . . ."

It is our opinion that the cause of action pleaded by plaintiffs, as to the enforcement of the shareholders' agreement between themselves and Brewer and the cancellation and annulment of the shareholders' agreement being circulated by the defendants which was in conflict therewith, was a joint cause of action against all of the defendants. It was not severable as between the defendants. Tex.R.Civ.P. 89 provides that where the plea of privilege of one defendant is sustained, if the cause of action is severable as to the parties defendant, it may be ordered transferred as to the defendant whose plea is sustained but not as to all defendants. Where, as here, the cause of action is not severable as between the defendants, and one or more defendant's plea of privilege is sustained, the entire cause, as against all defendants, must be transferred to the county of the residence of that defendant whose plea is sustained. Thus, when the trial court, within its discretion, as we have held, overruled the plaintiffs' motion for continuance and they, when called on to do so, offered no evidence as to the Brewers' plea of privi-

lege, the court should have rendered judgment that the entire case, as against all defendants, be transferred to Brazoria County. International Harvester Company v. Stedman, 324 S.W.2d 543 (Tex.Sup.1959).

 Since the trial court, upon the sustaining of the pleas of privilege of the defendants, Brewer and wife, should have transferred the entire case to Brazoria County, its error, if any, in denying the plaintiffs' motion for extension of time to file their controverting affidavit to the plea of privilege of the defendant, McConnell, and in sustaining his plea to be sued in Brazoria County, is harmless.

The judgment of the trial court is modified so as to order that the entire case be transferred to the District Court of Brazoria County and, as so modified, is affirmed.