**Derek HOGGETT, Appellant,**

v.

**ZIMMERMAN, AXELRAD, MEYER, STERN AND WISE, P.C., Appellee.**

**No. 14–00–00556–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 15, 2001.

Rehearing Overruled Dec. 13, 2001.

Allen B. Daniels, Houston, for appellants.

Leonard J. Meyer, Elizabeth Meador Bruman, Houston, for appellees.

Panel consists of Chief Justice BRISTER and Justices EDELMAN and SEYMORE.

## OPINION

RICHARD H. EDELMAN, Justice.

In this attorney fee dispute, Derek Hoggett appeals a judgment confirming an ar-

bitration award in favor, of Zimmerman, Axelrad, Meyer, Stern and Wise, P.C. ("Zimmerman") on the ground that Harris County Court at Law Number Two (the "county court"): (1) did not have jurisdiction to hear Zimmerman's application to confirm the arbitration award because there was a prior proceeding pending in the 165th District Court of Harris County (the "district court") relating to the arbitration; and (2) incorrectly refused to vacate the arbitration award because (a) the arbitrator refused to postpone the arbitration hearing after Hoggett showed sufficient cause for its postponement and (b) Hoggett did not receive timely notice of the arbitration hearing. We affirm.

## Background

Zimmerman represented Hoggett in a lawsuit in the district court against Stellar Investments, LLC (the "Stellar suit"). After Hoggett failed to pay a portion of the fees Zimmerman charged him for legal services provided in the Stellar suit, Zimmerman pursued arbitration through JAMS Endispute ("JAMS") pursuant to the engagement letter between Zimmerman and Hoggett.[1] Following a hearing on the dispute, the arbitrator awarded Zimmerman $15,213.56 plus costs.

Zimmerman filed an application in the county court (the "county court action") to confirm the arbitration award (the "award").[2] The county court ultimately denied Hoggett's motions to dismiss or abate the county court action and to vacate

the award, and entered a final judgment confirming the award.

## County Court Jurisdiction

Hoggett's first issue argues that the county court did not have jurisdiction to hear Zimmerman's motion to confirm the award because any action pertaining to the award was required to be brought in the district court. In support of this position, Hoggett relies on section 171.096(d) of the Texas Civil Practice and Remedies Code ("CPRC") which provides:

Consistent with Section 171.024,[3] if a proceeding is pending in a court *relating to arbitration of an issue subject to arbitration* under an agreement before the filing of the initial application, a party must file the initial application and any subsequent application relating to the arbitration in that court.

TEX. CIV. PRAC. & REM.CODE ANN. § 171.096(d) (Vernon Supp.2001) (emphasis added).

Hoggett contends that his dispute with Zimmerman was about the quality of the service that Zimmerman provided him in the Stellar suit. Because the engagement letter between the parties required that any such dispute be submitted to arbitration, and because Zimmerman provided those services in the Stellar suit, which was pending in the district court, Hoggett asserts that Zimmerman's application to confirm the award should have been brought in the district court. That is, Hoggett contends that the Stellar suit was a proceeding that was pending in a court

---

1. Hoggett does not dispute that the fee dispute was subject to arbitration.

2. After Zimmerman filed the county court action, Hoggett filed an action in the district court to vacate the award and appoint a new arbitrator. Our record does not reflect the status of that action, which is not a subject of this appeal.

3. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 171.024(a) (Vernon Supp.2001) ("If there is a proceeding pending in a court involving an issue referable to arbitration under an alleged agreement to arbitrate, a party may make an application under this subchapter only in that court.")

before the filing of the county court action and related to arbitration of an issue subject to arbitration within the meaning of CPRC section 171.096.

■ From the face of CPRC sections 171.024(a) and 171.096(d), it would appear that a principal purpose of these provisions is to avoid the splintering of lawsuits which pertain to a common arbitration matter by having them filed in the same court, presumably so that they can be resolved in a manner that promotes judicial economy. Accordingly, we interpret the phrases, "proceeding ... involving an issue referable to arbitration" in section 171.024(a), and "proceeding ... relating to arbitration of an issue subject to arbitration" in section 171.096(d), as describing an action which involves common parties and disputes (with the matter to be filed) and in which an issue has already been raised as to whether: (1) any of the underlying claims are subject to arbitration; (2) an arbitration proceeding pertaining to those disputes should be compelled or stayed; or (3) the result of an arbitration proceeding pertaining to those disputes should be confirmed, vacated, modified, or otherwise reviewed by a court. Because Hoggett has not shown that at the time Zimmerman filed the county court action, any issue had been raised in the Stellar suit pertaining to arbitration of the fee dispute between Hoggett and Zimmerman, the county court did not lack jurisdiction to have Zimmerman's motion to confirm the award filed in it, and Hoggett's first issue is overruled.

### Notice of Arbitration Hearing

Hoggett's third issue [4] argues that the county court erred when it refused to vacate the award because he had not received the required five days' notice of the

arbitration hearing. Hoggett contends that he was given only one day's notice of that hearing, during a telephone conference with the arbitrator and Zimmerman. Hoggett further alleges that although his counsel was present at the arbitration hearing, he appeared only for a limited purpose; *i.e.*, to confirm that the arbitrator had received notice of his nonsuit without prejudice to his claims against Zimmerman because they were not mature. In support of this contention, Hoggett relies on CPRC sections 171.088(a)(3)(D) and 171.044(b) which together provide that a court shall vacate an award if an arbitrator conducted a hearing contrary to a hearing requirement, one of which is that:

> The notice [of the time and place for the arbitration hearing] must be served not later than the fifth day before the hearing either personally or by registered or certified mail with return receipt requested. *Appearance at the hearing waives notice.*

TEX. CIV. PRAC. & REM.CODE ANN. §§ 171.088(a)(3)(D), 171.044(b) (Vernon Supp.2001) (emphasis added).

The record of the county court hearing on confirmation of the award (the "confirmation hearing") shows that during a telephone conference on August 2, 1999, among Linda Ott of JAMS, Zimmerman, and Hoggett's attorney, Louis Salinas, a September 2 arbitration hearing date was discussed. Salinas stated that he had merely been asked in the teleconference whether he would agree to the September 2 date, and he responded that he did not want to even discuss a hearing date until selection of the arbitrator had been resolved. The following day, Zimmerman sent a letter to Salinas and JAMS saying

---

**4.** To facilitate a logical progression, we address Hoggett's third issue concerning notice of the arbitration hearing, before his second

issue, concerning postponement of the arbitration hearing.

that it "would like to move forward with" the arbitration on September 2 as they had discussed. However, Salinas indicated that *he* (as contrasted from Hoggett) never received any notice from JAMS that the arbitration hearing would be held on September 2.

█ Nevertheless, it is undisputed that Salinas appeared at the arbitration hearing on Hoggett's behalf, and there is no evidence that Hoggett or Salinas communicated to anyone at the time of the arbitration hearing that Salinas was appearing there for a limited purpose. Therefore, the record contains evidence that Hoggett waived any lack of notice by his attorney's appearance at the arbitration hearing.

█ In addition, the record of the confirmation hearing reveals that Hoggett had retained Salinas as his attorney in late July or early August of 1999. Although there is evidence that Salinas did not thereafter receive timely notice of the arbitration hearing, there is no evidence that Hoggett did not receive timely notice of the arbitration hearing, including during the period before he retained Salinas. Because the record does not show that Hoggett did not have timely notice of the September 2 arbitration hearing, the county court did not err in failing to vacate the award on that basis, and issue three is overruled.

### Refusal to Postpone Arbitration Hearing

Hoggett's second issue argues that the county court erred when it failed to vacate the award because the arbitrator had refused to postpone the arbitration hearing after Hoggett showed sufficient cause to do so. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 171.088(a)(3)(B) (Vernon Supp.2001) ("the court shall vacate an award if . . . the arbitrator . . . refused to postpone the hearing after a showing of sufficient cause

for the postponement"). Hoggett's attorney claimed at the confirmation hearing that Hoggett could not attend the arbitration hearing, or consult with him in preparing for it, because on the date it was set, Hoggett was under a deadline to complete discovery in the Stellar suit.

█ Although there are no cases interpreting "sufficient cause for postponement" under section 171.088(a)(3)(B), the grounds a court would find sufficient to support a motion for continuance in a trial court are instructive in this context. That a party to a lawsuit has other business engagements is generally not a ground for which a trial court will grant a continuance. *See Echols v. Brewer*, 524 S.W.2d 731, 733–34 (Tex.App.—Houston [14th Dist.] 1975, no writ). Instead, a request for postponement due to the absence of a party at trial must also show such things as: the diligence used to arrange for the presence of the party, that the conflicting business engagements could not be rescheduled, that the nature of the business engagements was such as to require the personal presence of the party, and that they could not be represented at the conflicting engagement by someone else. *See id.* By analogy, to the extent Hoggett had sufficient notice of the arbitration hearing, which he has not disproven, then the fact that he did not arrange his affairs to accommodate preparation for, or attendance at, the arbitration hearing was not sufficient cause for its postponement. Accordingly, issue two is overruled, and the judgment of the trial court is affirmed.