MEMORANDUM OPINION



No. 04-07-00154-CV



Donald Emerald MANN, Jr.,


Appellant



v.



Deborah Badal MANN,


Appellee



From the 37th Judicial District Court, Bexar County, Texas


Trial Court No. 2004-CI-17822


Honorable Andy Mireles, Judge Presiding



Opinion by: Alma L. López, Chief Justice


Sitting: Alma L. López, Chief Justice

 Phylis J. Speedlin, Justice

 Steven C. Hilbig, Justice


Delivered and Filed: March 5, 2008


AFFIRMED

 Donald Emerald Mann, Jr. appeals the final divorce decree entered by the trial court based
on an arbitration award. Donald contends the trial court erred in entering the decree because: (1) the 
provision in a mediated settlement agreement requiring arbitration was the result of procedural
unconscionability; (2) the arbitrator exceeded his powers; and (3) the arbitrator refused to postpone
the hearing after a showing of sufficient cause for the postponement. We affirm the trial court's
judgment. (1)

Background


 On August 10, 2006, Donald and Deborah mediated the claims and controversies regarding
the dissolution of their marriage and entered into a mediated settlement agreement ("MSA"). The
MSA included a provision requiring the parties to resolve any remaining substantive issues through
binding arbitration with the mediator, Sol Casseb, III, as the arbitrator. In furtherance of this
provision, an arbitration was scheduled for November 10, 2006, at 1:30 p.m. 

 On November 8, 2006, Donald's attorney, Barry L. Efron, sent a letter to Deborah's attorney,
Frederick Zlotucha, and Casseb stating that Donald would be out of town and could not attend the
arbitration. The letter also stated that Efron was unaware of the specific outstanding issues and had
not received the decree proposed by Zlotucha.

 On November 9, 2006, Casseb sent a letter to Efron and Zlotucha stating that the arbitration
would proceed as scheduled. Casseb noted his understanding that Donald had purportedly fired
Efron as his attorney; however, Casseb stated that Efron would remain as the attorney of record
unless and until a court entered an order removing him. Casseb cautioned that a party who failed
to appear or instructed his/her attorney not to appear at an arbitration does so at his/her peril.

 Also on November 9, 2006, Michele Petty sent a letter to Casseb stating that she had been
retained to represent Donald. Petty's letter stated that Donald would not be able to attend the
arbitration due to a job interview in Dallas. Petty's letter further stated that Donald had received no
notice of the issues to be arbitrated and had only received a copy of the proposed decree that
afternoon. Although Petty filed a motion for substitution of counsel on November 9, 2006, it was
not scheduled for a hearing until November 15, 2006.

 On November 10, 2006, Casseb sent a letter to Efron, Petty, and Zlotucha acknowledging
receipt of Petty's letter but noting he had not received an official entry of appearance or order of
substitution from the trial court. As a result, Casseb stated he could not consider her requests. 
Casseb further noted his understanding that the date for the arbitration "was booked some time ago
and that it was convenient to all." "Rather than argue via telephone or letter," Casseb stated his
intent to start the arbitration at the scheduled time "subject to any pending motions by any counsel
of record."

 On November 10, 2006, Donald filed a motion to quash the arbitration and an objection to
Casseb as arbitrator; however, the arbitration proceeded as scheduled. An arbitration award was
entered with a final decree of divorce attached. Deborah filed a motion to enter the final decree of
divorce, and Donald filed a motion to set aside the arbitration award. At a hearing on these motions,
the trial judge refused to allow testimony regarding the arbitration proceedings in Casseb's absence. 
The trial judge stated he would hear testimony from Casseb and entered the decree subject to
Donald's ability to present Casseb's testimony at a motion for new trial or motion to set aside the
arbitration award. Instead of setting a hearing before the trial court, Donald noticed Casseb for a
deposition. After a hearing, the trial court ordered that no testimony could be elicited or any
documents obtained from Casseb without first obtaining leave of court. The trial court subsequently
denied Donald's motion for new trial.

1. Donald initially contends that the arbitration provision contained within the MSA is
procedurally unconscionable because Donald was fraudulently induced into agreeing to the
provision. See In re Foster Mold, Inc., 979 S.W.2d 665, 667-68 (Tex. App.--El Paso 1998, orig.
proceeding) (noting that "procedural unconscionability - an issue which relates to the actual making
or inducement of the agreement to arbitrate - is not subject to arbitration, but rather is reserved for
appropriate judicial review"); see also Tex. Civ. Prac. & Rem. Code Ann. §171.088 (Vernon 2005)
(trial court must vacate arbitration award if award was obtained by fraud or undue means). The
record, however, contains no evidence to support this contention. Although Donald argues that the
trial court refused to consider evidence, the trial court only conditionally refused to hear evidence
subject to Donald setting a hearing with Casseb present to testify. The trial court's conditional
refusal is consistent with section 154.073 of the Texas Civil Practice and Remedies Code which
precludes the participants or mediator from testifying regarding an alternative dispute resolution
proceeding subject to an in camera hearing by the trial court on the issue of confidentiality. Tex.
Civ. Prac. & Rem. Code Ann. § 154.073 (Vernon 2005); Rutherford v. Blanks, No. 04-95-00770-CV, 1996 WL 355354, at *2-3 (Tex. App.--San Antonio June 28, 1996, writ denied) (noting
procedure and finding waiver where party failed to follow procedure); see also Vick v. Waits, No.
05-00-01122-CV, 2002 WL 1163842, at *3 (Tex. App.--Dallas June 4, 2002, pet. denied) (refusing
to create exception to the confidentiality provisions of section 154.073 for claims of fraud). 
Similarly, the trial court's order quashing Casseb's deposition ordered Donald to seek leave of court
in order to elicit testimony or evidence from Casseb. Because the record contains no evidence
supporting Donald's claim of procedural unconscionability, this issue is overruled.

2. Donald next complains that the trial court erred in entering the decree because Casseb should
have been precluded from serving as the arbitrator since he was the mediator. See Tex. Civ. Prac.
& Rem. Code Ann. §171.088 (Vernon 2005) (trial court must set aside arbitration award if rights
were prejudiced by misconduct of arbitrator). A mediator can, however, serve as an arbitrator if the
parties consent. In re Cartright, 104 S.W.3d 706, 714 (Tex. App.--Houston [1st Dist.] 2003, orig.
proceeding) (noting mediator should not act as arbitrator in the same or a related dispute without the
express consent of the parties). In this case, the parties expressly consented by executing the MSA. 
See Gaskin v. Gaskin, No. 2-06-039-CV, 2006 WL 2507319, at *3 (Tex. App.--Fort Worth Aug.
31, 2006, pet. denied) (noting parties expressly contractually consented to the mediator as arbitrator
by executing mediated settlement agreement). Accordingly, Donald's complaint is overruled.

3. Donald further complains that the trial court erred in entering a decree based on the
arbitration award because Casseb exceeded his powers as arbitrator. See Tex. Civ. Prac. & Rem.
Code Ann. §171.088 (Vernon 2005) (trial court must set aside arbitration award if arbitrator exceeds
powers). Donald initially contends that the provision in the decree requiring him to pay for the
children's health insurance until they turned twenty-five was contrary to section 154.001 of the
Texas Family Code which only provides for a trial court to order support for a child until the child
turns eighteen or graduates from high school. See Tex. Fam. Code Ann. § 154.001 (Vernon Supp.
2007). The parties to a divorce, however, may contractually agree to extend support for a child
beyond eighteen years of age. Bruni v. Bruni, 924 S.W.2d 366, 367 (Tex. 1996). In this case, the
parties agreed to submit all substantive issues not resolved in the mediation to binding arbitration. 
As a result, they contractually agreed to be bound by the arbitrator's decision. Donald further
contends that the arbitrator exceeded his powers because the issues he reached were not within the
scope of the arbitration provision and several provisions were added to the decree that did not appear
in the MSA. See Barsness v. Scott, 126 S.W.3d 232, 241 (Tex. App.--San Antonio 2003, pet.
denied) (noting arbitrators exceed their authority when they decide matters not properly before
them). In the MSA, however, the parties agreed to resolve "any remaining substantive issues, which
were not resolved through Mediation, by binding Arbitration." Therefore, the arbitrator was within
the scope of the arbitration provision in adding provisions to the final decree that resolved
substantive issues that the MSA did not address.

4. Donald finally asserts that the trial court erred in entering the decree based on the arbitrator's
award because the arbitrator refused to postpone the hearing after a showing of sufficient cause for
the postponement. See Tex. Civ. Prac. & Rem. Code Ann. §171.088 (Vernon 2005). The grounds
a trial court would find sufficient to support a motion for continuance are instructive in determining
whether a party has shown sufficient cause for the postponement of arbitration. Hoggett v.
Zimmerman, Axelrad, Meyer, Stern & Wise, P.C., 63 S.W.3d 807, 811 (Tex. App.--Houston [14th
Dist.] 2001, no pet.). A continuance is not required to be granted simply because a party is unable
to be present. Gold Rush, Inc. v. Wayne, No. 13-05-497-CV, 2006 WL 2076725, at *2 (Tex.
App.--Corpus Christi July 27, 2006, pet. denied). If a party is unable to appear due to a business
engagement, the party must show such things as: (1) diligence used to arrange for the party's
presence; (2) conflicting business engagement could not be rescheduled; (3) party's personal
presence required at business engagement; and (4) conflicting engagement could not be handled by
someone else. Hoggett, 63 S.W.3d at 811. Moreover, if absence of counsel is urged as a ground for
a continuance, the movant must show that the absence of counsel was not due to the party's own
fault or negligence. State v. Crank, 666 S.W.2d 91, 94 (Tex. 1984).

 In this case, the record establishes that the date of the arbitration was booked for some time
on a date that was convenient to all. The record does not establish the reason Donald scheduled a
job interview on a date that would conflict with the arbitration or the reason the interview could not
be rescheduled. Furthermore, the record establishes that Donald did not fire his attorney until two
days before the scheduled arbitration date; therefore, the record does not establish that the absence
of counsel to represent Donald at the arbitration was not due to Donald's own fault or negligence. 
Accordingly, the trial court did not err in concluding that the record failed to establish sufficient
cause for the postponement.

 The trial court's judgment is affirmed.

 Alma L. López, Chief Justice



1. Although Deborah contends that this appeal should be dismissed because Donald accepted the benefits of the
divorce decree by selling a house he was awarded, the issues raised in this appeal do not challenge the express provisions
of the MSA but only those proceedings, including the arbitration, that followed the execution of the MSA. Since Donald
was awarded the house in the MSA, and the MSA is binding on both Donald and Deborah, the reversal of the judgment
could not possibly affect Donald's right to the benefit he accepted under the MSA. See Carle v. Carle, 234 S.W.2d 1002,
1004 (Tex. 1950) (recognizing exception to waiver of appeal through acceptance of benefits of judgment where reversal
of judgment cannot possibly affect appellant's right to benefits secured); see also Tex. Fam. Code Ann. § 6.602 (Vernon 
2006) (providing that mediated settlement agreement in context of dissolution of marriage is binding and party is entitled
to judgment thereon).