Reversed and Remanded and Opinion filed June 16, 2009








Reversed and
Remanded and Opinion filed
June 16, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00108-CV

____________

 

PALISADES ACQUISITION XVI, LLC, Appellant

 

V.

 

HOWARD CHATMAN, Appellee

 



 

On Appeal from the County
Civil Court at Law Number 1

Harris County, Texas

Trial Court Cause No. 898506

 



 

O P I N I O N

This appeal arises from the trial court=s dismissal of a
suit in which a creditor seeks confirmation of an arbitration award in a
collection dispute.  The trial court dismissed the suit, apparently concluding
that the Federal Arbitration Act deprived the trial court of subject-matter
jurisdiction.  On appeal, the creditor argues the trial court erred in
dismissing the suit because the trial court had subject-matter jurisdiction. 
We reverse and remand.








I.  Background

Appellee Howard Chatman opened a line of credit with
appellant Palisades Acquisition XVI, LLC.  In connection with that transaction,
the parties agreed to be bound by an arbitration agreement containing the
following language: AThis arbitration agreement is made
pursuant to a transaction involving interstate commerce and shall be governed
by the Federal Arbitration Act, 9 U.S.C. '' 1B16 (>FAA=).  Judgment upon
any arbitration award may be entered in any court having jurisdiction.@

The parties participated in an arbitration proceeding
pursuant to the agreement, and Palisades received an arbitration award
containing the following recitations:

$                  
This matter
involves interstate commerce and the Federal Arbitration Act governs this arbitration.

$                  
The parties= arbitration agreement is valid and
enforceable and governs all issues in dispute.

$                  
An award was
issued in the amount of $9,203.49 in favor of Palisades and against Chatman.

Palisades initiated this suit by filing an original
petition with the Harris County Court at Law Number 1 seeking confirmation and
enforcement of the arbitration award.  In support of its petition, Palisades
attached to its pleading the arbitration agreement, the arbitration award, and
an affidavit in support of judgment.








The trial court sua sponte dismissed the case for
lack of jurisdiction. In its findings of fact and conclusions of law, the trial
court determined that (1) Palisades and Chatman entered into a valid and
binding agreement to arbitrate any claims or disputes relating to Chatman=s account, (2)
pursuant to the parties= agreement,  the National Arbitration
Forum conducted an arbitration proceeding and awarded Palisades $9,203.49
against Chatman; and (3) the Federal Arbitration Act, 9 U.S.C. '' 1B16 (AFederal Act@), governs the
arbitration agreement and confirmation of the arbitration award.   Apparently
concluding that section 9 of the Federal Act deprived it of subject-matter
jurisdiction to confirm the award, the trial court dismissed the case.

In a single appellate issue, Palisades argues that the
trial court had subject-matter jurisdiction to confirm the arbitration award
and therefore improperly dismissed the case.

II.  Analysis

A court must have subject-matter jurisdiction to decide a
case.  Tex. Ass=n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440,
443 (Tex. 1993).  The determination as to whether jurisdiction exists is a
question of law, which this court reviews de novo. Mayhew v. Town of
Sunnyvale, 964 S.W.2d 922, 928 (Tex.1998).  

A.      Does the
Federal Act apply?








The Federal Act applies
to an arbitration agreement in any contract involving interstate commerce, to
the full extent of the Commerce Clause of the United States Constitution.  See
9 U. S. C. ' 2 (1999); Allied-Bruce Terminix
Co. v. Dobson, 513 U.S. 265, 277B81, 115 S. Ct. 834, 841B43, 130 L. Ed. 2d 753 (1995); In re L&L Kempwood
Assocs., 9 S.W.3d 125, 127 (Tex. 1999).  The parties do not dispute that
the Federal Act applies.[1] 
When, as in this case, the parties expressly agree that their arbitration
agreement shall be governed by the Federal Act, the parties are not required to
establish that the transaction at issue involves or affects interstate
commerce.  See In re Choice Homes, Inc., 174 S.W.3d 408, 412 (Tex. App.CHouston [14th] Dist. 2005, orig.
proceeding).  Therefore, the parties= agreement is governed by the Federal Act.  See id. 
Nonetheless, by enacting the Federal Act, Congress did not occupy the entire
field of arbitration regulation, and the Federal Act pre-empts state
arbitration law only to the extent that the state law actually conflicts with
the Federal Act.  See Volt Info. Scis., Inc. v. Bd. of Trs. of Leland
Stanford Junior Univ., 489 U.S. 468, 477, 109 S. Ct. 1248, 1255, 103 L. Ed.
2d 488 (1989); In re D. Wilson Constr. Co., 196 S.W.3d 774, 789B90 (Tex. 2006).  Therefore, Texas
law, including the Texas Arbitration Act, applies to the arbitration, except to
the extent that Texas law actually conflicts with the Federal Act.  See In
re Akin Gump Strauss Hauer & Feld, LLP, 252 S.W.3d 480, 489 (Tex. App.CHouston
[14th Dist.] 2008, orig. proceeding).  

 

B.      Does
section 9 of the Federal Act deprive the trial court of subject-matter
jurisdiction?

Section 9 of the Federal Act provides in pertinent part:

If the
parties in their agreement have agreed that a judgment of the court shall be
entered upon the award made pursuant to the arbitration, and shall specify the
court, then at any time within one year after the award is made any party to
the arbitration may apply to the court so specified for an order confirming the
award, and thereupon the court must grant such an order unless the award is
vacated, modified, or corrected as prescribed in sections 10 and 11 of this
title. If no court is specified in the agreement of the parties, then such
application may be made to the United States court in and for the district
within which such award was made. 








9
U.S.C. ' 9 (2009).  The
language of the parties= arbitration agreement provides that A[j]udgment upon
any arbitration award may be entered in any court having jurisdiction.@  Under the
unambiguous language of this agreement, the parties have not specified a court
in which a party may seek rendition of judgment on an arbitration award. In
these circumstances, the parties, under section 9 of the Federal Act, may seek
confirmation of an award in a United States court in and for the district within which such award was
made. 
See id; see
also Mauldin v. MBNA Am. Bank, N.A., No. 02-07-00208-CV, 2008 WL 4779614, at
*4 (Tex. App.CFort Worth Oct. 30, 2008, no
pet.) (mem. op.).  However, Congress used permissive, not mandatory language in
the second sentence of section 9.  Under this unambiguous language, a party may
seek confirmation of the arbitration award in federal court but is not required
to do so.  Indeed, in the Federal Act, including section 9, Congress did not
confer any additional subject-matter jurisdiction on the federal courts.  See Moses H. Cone Mem=l Hosp. v. Mercury Constr. Corp., 460 U.S.1, 26 n.32, 103 S. Ct. 927,
942 n.32, 74 L. Ed. 2d 765 (1983).  Therefore, even if a party invokes the
second sentence of section 9, that party may seek confirmation of an
arbitration award in federal court only if there is an independent basis for
federal jurisdiction. See Specialty Healthcare Mgmt., Inc. v. St. Mary
Parish Hosp., 220 F.3d 650, 653 n.5 (5th Cir. 2000).

In sum, the Federal Act is enforced by both state and
federal courts. See
Moses H. Cone Mem=l Hosp., 460 U.S. at 25B26 & n.32, 103 S. Ct. at 942
& n.32; see also Mauldin, 2008 WL 4779614, at *5 (overruling petitioner=s claim that the section 9 of the
Federal Act limits subject-matter jurisdiction to the federal courts); Tanox
v. Akin Gump Strauss Hauer & Feld, LLP, 105 S.W.3d 244, 247B52 (Tex. App.CHouston [14th Dist.] 2003, pet.
denied) (reviewing state district court=s confirmation of arbitration award
governed by Federal Act).  Because an independent basis for federal jurisdiction
is often missing, enforcement of the Federal Act is left, in large part, to the
state courts.  See Moses H. Cone, 460 U.S. at 26 n.32, 103 S. Ct. at 942 n.32.  Under the
unambiguous language of section 9, Congress does not confer exclusive
jurisdiction upon federal courts as to arbitration agreements that fail to
specify a court in which a party may seek rendition of judgment on the
arbitration award. See 9 U.S.C. ' 9;  Moses H. Cone Mem=l Hosp., 460 U.S. at 25B26 & n.32, 103 S. Ct. at 942
& n.32; Mauldin, 2008 WL 4779614, at *5.  Therefore, section 9 does
not deprive the county court at law of subject-matter jurisdiction.

C.      Does the
trial court have subject-matter jurisdiction?








Under the Texas Government Code, Aa statutory county
court exercising civil jurisdiction concurrent with the constitutional
jurisdiction of the county court has concurrent jurisdiction with the district
court in . . . civil cases in which the matter in controversy exceeds $500 but
does not exceed $100,000 . . . as alleged on the face of the petition.@  Tex. Gov=t Code Ann. ' 25.0003 (Vernon
Supp. 2009).  As alleged in this case, the amount in controversy exceeds $500
but does not exceed $100,000.  Though there are specific limitations in the
Texas Government Code concerning the jurisdiction of a Harris County civil
court at law, none of them apply to the case at hand.  See id. ' 25.0003(b)
(prohibiting jurisdiction of a statutory county court over causes and
proceedings concerning roads, bridges, and public highways); id. ' 25.1032(a)
(Vernon 2004) (prohibiting jurisdiction over probate matters); Transamerica
Occidental Life Ins. Co. v. Rapid Settlements, Ltd., No. 01-07-00137-CV,
2008 WL 5263265, at *2 (Tex. App.CHouston [1st
Dist.] Dec. 18, 2008, no pet.) (providing that a county court at law has
subject-matter jurisdiction when the amount in controversy is within the
jurisdictional limits given in sections 25.003 and 25.1032 of the Texas
Government Code).  Therefore,
the trial court has subject-matter jurisdiction over this case.  See Hoggett
v. Zimmerman, Axelrad, Meyer, Stern and Wise, P.C., 63 S.W.3d 807, 809B11 (Tex. App.CHouston [14th Dist.] 2001, no pet.)
(concluding county court at law had jurisdiction over application to confirm
arbitration award); see also Mauldin, 2008 WL 4779614, at *5 (upholding
confirmation of an arbitration award by a statutory county court that had
subject-matter jurisdiction). The trial court erred in dismissing it.

III.  Conclusion

Section 9 of the Federal Act does
not deprive the trial court of subject-matter jurisdiction.  Because the  trial
court had jurisdiction to hear the case, the court erred in dismissing it. 
Accordingly, we sustain Palisades=s sole issue on appeal, reverse the trial court=s judgment, and remand for further
proceedings.

 

 

 

/s/      Kem Thompson Frost

Justice

 

                                                              

Panel consists of
Justices Frost, Brown, and Boyce.

 









[1]  Palisades contends that the Federal Act applies. 
Chatman did not file an appellate brief in this case, and it is unclear from
the record whether Chatman appeared in the trial court below.