**REVERSE and RENDER; and Opinion Filed July 31, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01618-CV

### HENRY S. MILLER BROKERAGE, LLC, Appellant
### V.
### RUTH MAE SANDERS, Appellee

**On Appeal from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-13-14901**

## MEMORANDUM OPINION
Before Justices Bridges, Brown, and Stoddart
Opinion by Justice Brown

Henry S. Miller Brokerage, LLC appeals the trial court's order vacating an arbitration award. In four issues, Henry S. Miller generally contends the trial court erred in vacating the award and in denying its motion to confirm the award. For the following reasons, we reverse the trial court's order and render judgment confirming the award.

After Henry S. Miller filed suit against Ruth Mae Sanders for breach of contract, the trial court stayed the proceedings and ordered the parties to arbitration in accordance with the Texas Arbitration Act. Following a hearing, the arbitrator entered an award in favor of Henry S. Miller. No record was made of that hearing. Henry S. Miller filed a motion to confirm the arbitrator's award and Sanders responded with a motion to vacate the award. In her motion, Sanders asserted two grounds existed for vacating the award. First, she asserted the arbitrator

refused to postpone the hearing after she showed sufficient cause for the postponement. Second, she asserted the arbitrator refused to hear evidence that was material to the controversy.

Following a hearing, the trial court denied Henry S. Miller's motion to confirm, granted Sanders's motion to vacate and ordered the parties back to arbitration.[1] Henry S. Miller brings this interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.098 (West 2011); *E. Tex. Salt Water Disposal Co., Inc. v. Werline*, 307 S.W.3d 267, 274 (Tex. 2010).

Arbitration of disputes is strongly favored under Texas law. *Prudential Secs. Inc. v. Marshall*, 909 S.W.2d 896, 898 (Tex. 1995) (per curiam); *Humitech Dev. Corp. v. Perlman*, 424 S.W.3d 782, 790 (Tex. App.—Dallas 2014, no pet.). Consequently, judicial review of an arbitration award is extraordinarily narrow. *E. Texas Salt Water Disposal Co.,* 307 S.W.3d at 271 (Tex. 2010); *Humitech Dev. Corp.*, 424 S.W.3d at 790. We review a trial court's decision to vacate or confirm an arbitration award de novo based on a review of the entire record. *Cambridge Legacy Group, Inc. v. Jain*, 407 S.W.3d 443, 447 (Tex. App.—Dallas 2013, pet. denied); *Humitech Dev. Corp.*, 424 S.W.3d at 790.

An arbitrator's award is given the same effect as a judgment of a court of last resort. *CVN Group, Inc. v. Delgado*, 95 S.W.3d 234, 238 (Tex. 2002); *Humitech Dev. Corp.*, 424 S.W.3d at 790. The award is entitled to great deference and we may not substitute our judgment for that of the arbitrator merely because we would have reached a different conclusion. *Cambridge Legacy Group*, 407 S.W.3d at 447; *Humitech Dev. Corp.*, 424 S.W.3d at 790. "All reasonable presumptions are indulged in favor of the award, and none against it." *CVN Group, Inc.*, 95 S.W.3d at 238. *Humitech Dev. Corp.*, 424 S.W.3d at 790.

Section 171.088 of the Act provides statutory grounds for vacating an award. TEX. CIV. PRAC. & REM. CODE ANN. § 171.088 (West 2011). Under that section, a trial court shall vacate

---

[1] The parties agree the Texas Arbitration Act alone applies to this case.

an award if, among other things, an arbitrator (1) refused to postpone the hearing after a showing of sufficient cause or (2) refused to hear evidence material to the controversy. TEX. CIV. PRAC. & REM. CODE ANN. § 171.088(a)(3)(B),(C),(D) (West 2011). The party challenging the arbitration award has the burden to present the trial court with a sufficient record of the arbitration proceedings to show grounds exist to vacate the award. *See Nafta Traders, Inc. v. Quinn*, 339 S.W.3d 84, 101 (Tex. 2011); *See Statewide Remodeling, Inc. v. Williams*, 244 S.W.3d 564, 568 (Tex. App.—Dallas 2008, no pet); *Roehrs v. FSI Holdings, Inc*., 246 S.W.3d 796, 804 (Tex. App.—Dallas 2008, pet. denied). In the absence of a complete record, we can only consider complaints that do not require a review of the omitted portions of the record or missing evidence. *See, e.g., Centex/Vestal v. Friendship W. Baptist Church*, 314 S.W.3d 677, 685 (Tex. App.—Dallas 2010, pet. denied). If the record does not demonstrate error or is silent, the award must be presumed correct. *See Nafta Traders*, 339 S.W.3d at 102 & n.81 (*citing Cable Connection, Inc. v. DIRECTV, Inc*., 44 Cal. 4th 1134, 1362, 82 Cal. Rptr .3d 229, 252, 190 P.3d 586, 605 (2008).

In her motion to vacate, Sanders first asserted the arbitrator refused to postpone the arbitration hearing after she showed sufficient cause for a postponement. *See* TEX. CIV. PRAC. & REM. CODE ANN. §171.088(a)(3)(B). The record shows that the arbitration hearing was initially set for September 11 and 12, 2014. On August 27, 2014, the arbitrator notified the parties by e-mail that he was vacating the September 11th setting and moving it to November 17th. He stated he was doing so because he had received information that Sanders had not paid her counsel, counsel had indicated he might withdraw, and the arbitrator was concerned counsel might do so just before the hearing. Therefore, the arbitrator reset the hearing to November 17th "subject" to Sanders's counsel notifying him, by September 5th, of his intent to withdraw.

–3–

The record contains selected correspondence that followed the arbitrator's August 27th e-mail. That correspondence shows some confusion regarding whether the arbitrator had only conditionally vacated the September setting such that the setting would be reinstated if Sanders paid her attorney. Specifically, on September 2, Henry S. Miller sent an e-mail to Sanders counsel asking whether he had decided to withdraw because his decision would present an opportunity to "reinstate the trial setting (now Sep 10-11)." On September 5, Sanders's counsel notified the arbitrator he had been paid and would not be withdrawing, and asked whether the hearing would "proceed next week," or would be "delayed until November." Later that day, Sanders filed a motion requesting the arbitrator to "continue the arbitration scheduled for September 11-12 to November 17th." The sole cause for the requested postponement was that Sanders's counsel was not prepared for the hearing. Counsel stated he had not prepared because he had not been paid. The following morning, on September 6, the arbitrator notified the parties by e-mail the hearing would "go forward" and the case would be called for trial at 9 a.m. on September 10. Sanders appeared at the hearing and announced "ready."

After considering this evidence, the trial court vacated the arbitration award based on its determination that the arbitrator had abused its discretion by failing to "abide by" the November setting and by further moving the hearing forward one day from its previous setting thereby shortening the notice "from two months to two [business] days." In doing so, the trial court neither concluded the arbitrator refused to "postpone" the hearing nor that Sanders had made a showing of sufficient cause. Instead, the trial court's order reflects it was based on inadequate notice. The TAA provides specific provisions related to vacateur for improper notice. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 171.088(a)(3)(D), 171.044 (West 2011); *Hoggett v. Zimmerman, Axelrad, Meyer, Stern & Wise, P.C.*, 63 S.W.3d 807, 810 (Tex. App.—Houston [14th Dist.] 2001, no pet.). Sanders neither asserted nor attempted to establish this as a ground to

vacate the award.[2]  *See Black v. Shor*, 443 S.W.3d 154, 163 (Tex. App.—Corpus Christi 2013, pet. denied) (party must present grounds to vacate award in the trial court); *Ewing v. Act Catastrophe–Tex. L.C.*, 375 S.W.3d 545, 549 (Tex. App.—Houston [14th Dist.] 2012, pet. denied) (same).

Instead, the question presented is whether we have a sufficient record before us from which we can conclude the arbitrator refused to postpone a hearing after a showing of sufficient cause. *In re Chestnut Energy Partners, Inc.*, 300 S.W.3d 386, 400 (Tex. App.—Dallas 2009, pet. denied).  If the record does not demonstrate error or is silent, the award must be presumed correct. *Nafta Traders*, 339 S.W.3d at 102 & n. 81 (*citing Cable Connection, Inc. v. DIRECTV, Inc.*, 44 Cal. 4th 1134, 1362, 82 Cal. Rptr .3d 229, 252, 190 P.3d 586, 605 (2008).

In her request for a continuance, Sanders requested the arbitrator to continue the hearing because her attorney had not prepared because she had been unable to pay him.[3]  Sanders motion was neither verified nor supported by any evidence to support her allegations.   Although Henry S. Miller filed a response to the motion and the parties also provided "supplemental" responses, the record does not contain any of those responses.   We conclude the record before us is insufficient to determine whether the arbitrator abused its discretion by refusing Sanders's continuance.

In the trial proceedings, Sanders also alleged the arbitrator's award must be vacated because he "refused" to hear "material" evidence.   Specifically, she asserted the arbitrator abused his discretion in refusing to consider evidence she lacked mental capacity at the time she entered the contract with Henry S. Miller.  To show the arbitrator refused to hear material

---

[2] The record also does not provide an adequate basis from which we could determine when Sanders *first* received notice of the September 10th setting.  Indeed, by determining September 6th was the first notice Sanders received, the trial court made inferences contrary to, rather than in favor of, the arbitrator's decision.

[3] Counsel did not allege he was unprepared because he was unaware the case was scheduled for either September 10th or September 11th.  Nor did he assert he could not prepare in the time that remained.  Indeed, at the same time he requested a continuance, he requested the arbitrator to limit the arbitration to only one day because the facts were largely undisputed and the contract "said what it said."

evidence, Sanders relied on (1) the arbitrator's ruling striking her Second Amended Petition in which she first pleaded lack of capacity, (2) counsel's statements concerning what occurred during the arbitration hearing, and (3) evidence that she received a preliminary diagnosis of "Alzheimer's dementia" *after* the arbitration hearing.

As noted, no record was made of the arbitration hearing. As a consequence, Sanders cannot show the arbitrator "refused" to consider any evidence. *Saldana v. Saldana*, 01-12-00092-CV, 2013 WL 1928800, at *3 (Tex. App.—Houston [1st Dist.] May 9, 2013, pet. denied) (mem. op.) (without record of hearing court cannot determine whether "arbitrator refused to properly conduct the proceedings or consider material evidence or—if he did so—whether arbitrator's failures substantially prejudiced appellant's rights"). Nor can counsel's statements concerning what occurred at the hearing substitute for a record of those proceedings. *See Statewide Remodeling, Inc.*, 244 S.W.3d at 569. Moreover, a review of the substance of Sanders's complaint reveals it is based primarily on the arbitrator having struck her Second Amended Petition. Notably, an arbitrator's ruling striking pleadings is not among the grounds permitted for vacating an arbitration award.

To the extent such a ruling is related to what evidence is "material" to an arbitration hearing, Sanders has nevertheless failed to show grounds exist for vacating the award. It is undisputed that Sanders's Second Amended Petition was filed the day before the arbitration hearing and was untimely pursuant to the arbitrator's scheduling order. Henry S. Miller therefore filed a motion to strike. The record shows the arbitrator held an evidentiary hearing on the motion to strike, but we have no record of that hearing. We therefore must presume the record supports the arbitrator's decision. *See Nafta Traders*, 339 S.W.3d at 102 & n.81. Thus, Sanders has not shown the arbitrator abused its discretion in striking the amended pleading or

that he refused to hear material evidence. Because Sanders did not meet her burden to establish grounds for vacating the arbitrator's award, the trial court was required to confirm that award.

We reverse the trial court's order and render judgment confirming the award.

/Ada Brown/
ADA BROWN
JUSTICE

141618F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

HENRY S. MILLER BROKERAGE, LLC,
Appellant

No. 05-14-01618-CV     V.

RUTH MAE SANDERS, Appellee

On Appeal from the 101st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-13-14901.
Opinion delivered by Justice Brown. Justices
Bridges and Stoddart participating.

In accordance with this Court's opinion of this date, we **REVERSE** the trial court's order and **RENDER** judgment confirming the arbitrator's October 2, 2014 award.


It is **ORDERED** that appellant HENRY S. MILLER BROKERAGE, LLC recover its costs of this appeal from appellee RUTH MAE SANDERS.


Judgment entered this 31st day of July, 2015.